Andrew B. SCHILLING,
Plaintiff-Appellant,

v.

WALWORTH COUNTY PARK &
PLANNING COMMISSION, et
al., Defendants-Appellees.

No. 85–1019.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 8, 1986.

Decided Nov. 5, 1986.

Jeffrey R. Myers, Milwaukee, Wis., for plaintiff-appellant.

Nancy J. Meissner, Riordan, Crivello, Carlson, Mentkowski & Henderson, Milwaukee, Wis., for defendants-appellees.

Before CUMMINGS and CUDAHY, Circuit Judges, and CAMPBELL, Senior District Judge.*

CUMMINGS, Circuit Judge.

This is an appeal from the district court's *sua sponte* dismissal of plaintiff Andrew B. Schilling's suit against the defendants Walworth County Park and Planning Commission and other county governmental bodies. Our jurisdiction is under Section 1291 of Title 28. This case presents the not uncommon conflict between the district courts' need and ability to control their dockets, see *Link v. Wabash Railroad*, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962), and the fundamental tenet of justice favoring the resolution of cases on their merits, see *Beshear v. Weinzapfel*, 474 F.2d 127, 132 (7th Cir.1973). We reverse the district court's dismissal of this case because of our conclusion that absent such matters as a clear record of delay, contumacious conduct, or ineffectiveness of prior sanctions, a district court abuses its discretion when it dismisses an action without consideration of the adequacy of lesser sanctions.

I

The plaintiff, a naturalized American citizen and an emigrant from Hungary, was discharged in March 1981 from his position of Administrator of the Planning, Zoning,

and Sanitation Office of Walworth County, Wisconsin, a position which he had held since October 1980. He alleged in his suit, filed on a *pro se* complaint form on July 29, 1983, that he was fired on the basis of his Germanic ethnicity, age, and outspoken criticism of some aspects of the Walworth County government. The defendants' answer was filed on October 19, 1983, the defendants' motion for additional time to respond having been granted.

What followed was a succession of telephone status conferences with the district judge and opposing counsel leading to the missed telephone conference of November 20, 1984. Written notice of the initial telephone conference of December 14, 1983, was sent to the plaintiff on October 17, 1983.[1] At the December telephone conference plaintiff appeared pro se. In response to the district court's questions, the plaintiff stated that he could not afford a "considerable retainer" for an attorney due to his "lengthy unemployment."[2] That conference was followed by a written order, dated December 19, 1983, directing that discovery be completed by June 1, 1984. Sometime prior to the second telephone conference, the plaintiff, still *pro se*, answered interrogatories propounded by the defendants.

Discovery was not completed by June 1, and the second telephone conference of August 21, 1984, dealt with unresolved discovery matters. The defendants' attorney complained that the plaintiff was refusing to cooperate with efforts to take his deposition. The defendants' attorney had attempted to set a date for the deposition in

---

* The Honorable William J. Campbell, Senior District Judge for the Northern District of Illinois, is sitting by designation.

1. The plaintiff filed a motion to supplement the record on appeal because some material, including this notice, was not part of the record initially sent to this Court. See Fed.R.App.P. 10(e). This Court, per Judge Coffey, issued an order, dated August 28, 1985, directing the district court to determine the proper composition of the record on appeal. On December 16, 1985, the district court issued its decision and order

granting the plaintiff's motion to supplement the record.

2. This version of the telephone conference comes from the plaintiff's transcript of the call based on his contemporaneous notes. See Fed. R.App.P. 10(c). Pursuant to Judge Coffey's August 28, 1985, order, the plaintiff also submitted to the district court his motion to supplement the record on appeal with material not before the district court when the dismissal judgment was entered. The district court granted this motion on December 16, 1985.

July 1984, but she waited to do so at the request of attorney Keith Gorman who told her that he would be representing the plaintiff and intended to amend the complaint. On August 10, 1984, Gorman informed the defendants' counsel by phone, and shortly thereafter the district court by letter, that he would not be representing the plaintiff due to the plaintiff's inability to raise a retainer. The attorney told the district court that in his opinion the plaintiff had made a good faith effort to raise the funds and did not use the discussions as a tactic for delay. The defendants' counsel attempted on August 10 to schedule a deposition, but the plaintiff refused to come to Milwaukee—he was residing in New York and claimed he could not afford the trip—and, according to the defendants' counsel, he stated, "I do not have to talk to you." The defendants' counsel then attempted to file a motion to compel the plaintiff to submit to a deposition, but the motion was returned by the post office undelivered.

The district court resolved these matters at the August telephone conference. The court directed the defendants to file another set of interrogatories prior to taking the plaintiff's deposition and told the plaintiff to answer those interrogatories freely. The district court also told the plaintiff that he would not have to appear in Milwaukee for a deposition until the time of the unscheduled pretrial conference. Finally, the district court instructed the plaintiff, who was still proceeding *pro se*, to talk to an attorney. As with the first telephone conference, written notice of the August telephone conference had been sent by the district court on June 14, 1984.

At the August telephone conference, a third telephone conference was scheduled for November 20, 1984, at 9:00 a.m. According to the plaintiff, this date was merely "tentative;" defendants contend differently.[3] The minutes the district court took during the August telephone conference show that a telephone conference would be held on November 20, 1984, at 9:00 a.m., and do not indicate that the date was only tentative.

On November 20, 1984, the district court attempted unsuccessfully to reach the plaintiff. The plaintiff alleged in his affidavit prepared for this appeal that he was at probationary employment some ninety miles away from his previous New York address, but that he still collected mail from there. He claimed that he would have been available for the call if he thought it was scheduled; however, he believed that it was not because of his understanding that the date was "tentative" and the fact that, unlike the first two telephone conferences, he had received no notice regarding the call.[4] The call apparently was received by a friend of the plaintiff who only had a limited command of the English language and did not understand the import of the call; thus the plaintiff did not learn of the call until after he had received notice of the dismissal. Nine days after the aborted third telephone conference, upon receiving no explanation from the plaintiff for missing the call, the district court *sua sponte* dismissed the case on November 29, 1984. Plaintiff timely filed this appeal *pro se;* he has since then obtained an attorney who prepared the brief and argued the appeal.

## II

A district court's ability to dismiss a case *sua sponte* is predicated on the " 'inherent

---

3. The plaintiff's motion to supplement the record on appeal with material not before the district court when the dismissal judgment was entered included an affidavit with his explanation for missing the third telephone conference. In its decision and order of December 16, 1985, the district court directed that the record on appeal include the plaintiff's affidavit as well as the affidavit of the defendants' counsel regarding whether the November 20, 1984, date was

firmly set during the August telephone conference.

4. The lack of notice is consonant with Judge Evans' recollection, contained in his November 29, 1984, order dismissing the case and his December 16, 1985, decision and order to supplement the record on appeal, that the November telephone conference was scheduled during the preceding one.

power' ... vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad*, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1388–1389 (1962) (footnote omitted); see also Fed.R.Civ.P. 41(b). This Court's review of appeals from orders to dismiss is limited to an abuse-of-discretion standard, *Link*, 370 U.S. at 633, 82 S.Ct. at 1390; however, we have often observed that a district court's discretion in these situations is not unfettered. This Court looks at the entire procedural history of the case to determine whether the sanction of dismissal constituted an abuse of discretion. *Webber v. Eye Corp.*, 721 F.2d 1067, 1068 (7th Cir.1983) (citing *Sandee Mfg. Co. v. Rohm & Hass Co.*, 298 F.2d 41, 43 (7th Cir.1962)).

■ The sanction of dismissal with prejudice must be infrequently resorted to by district courts in their attempts to control their dockets and extirpate nuisance suits. See *Beshear v. Weinzapfel*, 474 F.2d 127, 132 (7th Cir.1973). In the normal course of events, justice is dispensed by the hearing of cases on their merits; only when the interests of justice are best served by dismissal can this harsh sanction be consonant with the role of courts. We have previously indicated the limited appropriateness of the sanction of dismissal: "A dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir.1983) (citations omitted); accord *Tolbert v. Leighton*, 623 F.2d 585, 587 (9th Cir.1980); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir.1980). Absent those circumstances, the careful exercise of judicial discretion requires that a district court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interests of justice. See *Co-*

*hen v. Carnival Cruise Lines*, 782 F.2d 923, 925–926 (11th Cir.1986) (*per curiam*); *Tolbert*, 623 F.2d at 587; see also *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071 (D.C. Cir.1986) (holding that the choice between dismissal and lesser sanctions is a product of three considerations: prejudice to the defendant, prejudice to the judicial system, and deterrence and punishment).

■ In the present case, the clear record of delay, contumacious conduct, or failed prior sanctions is notably lacking. The district court's November 29, 1984, order dismissing this case cites the plaintiff's failure to participate in the November 20, 1984, telephone conference and speaks generally of "want of prosecution." A thorough review of the record by this Court has failed to produce the damning dilatory conduct normally associated with the sanction of dismissal.

In the district court's December 16, 1985, decision and order regarding the plaintiff's motion to supplement the record on appeal, the court gave as a reason for dismissal that the plaintiff was not cooperating with the defendants' efforts to take his deposition. However, during the August 21, 1984, telephone conference, the district court had resolved this matter by requiring the defendant to file an additional set of interrogatories prior to taking the plaintiff's deposition at the time of the pretrial conference.[5] No order regarding the deposition was entered nor does the record show that the district court warned the plaintiff that he was risking sanctions, let alone dismissal.

The one-month delay in July 1984 in taking the plaintiff's deposition—a delay attributable to plaintiff's attempt to arrange for counsel and the request of that counsel, Keith Gorman, that the defendants' attorney wait until an amended complaint could be filed—is not evidence of bad faith. The attempt to hire counsel demonstrates the

---

**5.** The conclusion that discovery problems had been resolved is supported by the letter in the record from the defendants' attorney to the district court in which she states that her motion to

compel is "now moot in light of our telephone status conference this [August 21, 1984] morning."

plaintiff's prosecutive intent and there is no finding or reason to suspect that it was merely a subterfuge for delay. Rather, the record includes a letter Gorman sent the district court stating that the plaintiff had tried in good faith but failed to raise the funds to retain him and did not seem to be using the situation to delay the lawsuit. Compare *Wojton v. Marks*, 344 F.2d 222, 223–224 (7th Cir.1965) (district court's dismissal of action upheld where the district court found that the plaintiff's excuse of hospitalization on the date of trial was a subterfuge following the court's refusal to allow a last-minute change in attorneys).

The plaintiff's failure to obtain counsel does not indicate a lack of prosecutive intent. He filed his complaint *pro se*, answered a set of interrogatories *pro se*, and participated in two status conferences *pro se*. Despite the district court's proper prodding of the plaintiff to obtain counsel, there can be no denying the general rule that a litigant has a right to proceed *pro se*. *Hutter N. Trust v. Door County Chamber of Commerce*, 467 F.2d 1075, 1079 (7th Cir.1972); 28 U.S.C. § 1654; cf. *Faretta v. California*, 422 U.S. 806, 834, 95 S.Ct. 2525, 2540, 45 L.Ed.2d 562 (1975) (holding that a defendant has a constitutional right to proceed *pro se* in a criminal trial). Where a plaintiff has proceeded *pro se* in good faith, his or her failure to obtain counsel is not evidence of a lack of prosecutive intent.[6]

The plaintiff's one failing was his absence from the November 1984 telephone status conference. This was after the plaintiff had participated in two prior telephone conferences in December 1983 and August 1984. While we in no way condone the plaintiff's apparent neglect,[7] dismissal predicated on the limited record of delay present here, without prior warning or explanation of the inadequacy of lesser sanc-

tions, is an abuse of discretion. This is especially true in a relatively young case. For example, we held in *Webber v. Eye Corp.* that it was an abuse of discretion to dismiss an eighteen-month-old case for the plaintiff's failure, after receiving only short notice, to be present for the start of trial. 721 F.2d at 1070–1071; see, *e.g., McKelvey v. AT & T Technologies*, 789 F.2d 1518, 1520–1521 (11th Cir.1986) (*per curiam*) (abuse of discretion to dismiss eighteen-month-old case where plaintiff's attorney negligently failed to substitute himself as counsel of record, causing him not to receive notice of nor respond to the order to show cause not to dismiss for failure to prosecute); *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 555–558 (5th Cir.1981) (abuse of discretion to dismiss two-year-old case because court did not consider lesser sanctions and because plaintiffs' failure to timely comply with two court orders and their tactical decision not to conduct discovery did not amount to a clear record of intentional delay or demonstrate a lack of prosecutive intent); *Tolbert v. Leighton*, 623 F.2d 585 (9th Cir.1980) (abuse of discretion to dismiss seven-month-old case where the plaintiff only missed a status conference); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247–248 (5th Cir.1980) (abuse of discretion to dismiss ten-month-old case where the plaintiff's attorney missed a pretrial conference and failed to comply with the district court's order concerning admission to practice). The present action was only sixteen months old, the delay was minor and not of the type to prejudice the defendants or the judicial system, and no prior, explicit warning was given; thus, the district court abused its discretion by dismissing the suit without any explanation of why lesser sanctions were not first imposed. As the Ninth Circuit has observed under

---

**6.** The present case is distinguishable from our recent cases of *Stevens v. Greyhound Lines,* 710 F.2d 1224, 1229–1230 & n. 9 (7th Cir.1983), and *Locascio v. Teletype Corp.,* 694 F.2d 497, 498–499 (7th Cir.1982), certiorari denied, 461 U.S. 906, 103 S.Ct. 1876, 76 L.Ed.2d 808 (1983), where, in each case, the plaintiffs alienated their attorneys after about four years of preparation and shortly prior to trial and, despite warnings that no

further delay would be tolerated, did not adequately attempt to secure new counsel or request to proceed *pro se*.

**7.** Given that the first two telephone conferences had been preceded by written notice, this mixup is to some extent understandable and hardly fictitious.

similar facts: "Especially when a case is still young, 'a district court must consider ... less drastic alternative sanctions' before dismissing." *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir.1981) (*per curiam*) (abuse of discretion to dismiss one-year-old case for plaintiff's attorney's twice failing to timely file a pretrial order, despite prior warning of possible sanction of dismissal) (quoting *Tolbert v. Leighton*, 623 F.2d 585, 587 (9th Cir.1980)).

There have been cases where we held that dismissal was not an abuse of discretion, notwithstanding the fact that the actions were relatively young. In *Tolliver v. Northrop Corp.*, 786 F.2d 316 (7th Cir. 1986), the plaintiff herself was warned explicitly on the record that dismissal would follow if she did not cooperate with discovery, and yet, at the time the appeal was decided, the plaintiff still had not turned over answers to interrogatories, although she had drawn them up long ago. *Id.* at 319. In the present case the plaintiff does not remain in default, and thus, unlike *Tolliver*, to reinstate this case would not be "to abandon all hope of both general and specific deterrence." *Id.* Unlike the present case, in *Zaddack v. A.B. Dick Co.*, 773 F.2d 147 (7th Cir.1985), a clear record of delay existed, as plaintiff "was on her third set of attorneys, had requested continuance of discovery on three previous occasions, had failed to file a memorandum as directed by the court, and had failed to appear timely at [a] status call." *Id.* at 150. Also, the plaintiff had refused to pay the attorneys' fees of the defendant attributable to the plaintiff's delay as a condition of the district court's vacating the dismissal. *Id.* at 149–150. She, in effect, refused a lesser sanction.

The need for the district court to exercise discretion in deciding among alternative sanctions was especially great in this case, given the plaintiff's *pro se* status.[8] We have previously stated: "It is the recognized duty of the trial court to insure that the claims of a *pro se* [litigant] are given a 'fair and meaningful consideration'...." *Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir.1983) (quoting *Madyun v. Thompson*, 657 F.2d 868, 876 (7th Cir.1981)).[9] A district court should at least warn a *pro se* litigant of the possible consequences of any neglect, if the court intends to sanction with dismissal in the first instance. *Camps v. C & P Telephone Co.*, 692 F.2d 120, 125 (D.C.Cir.1981) (holding that the district court abused its discretion by dismissing *pro se* plaintiff for arriving late to a pretrial conference and advising the district court first to "acquaint" *pro se* litigants with the risks associated with tardiness). This was not done; the district court failed to exercise its discretion to further a fair and meaningful consideration of the merits of this action. The accessibility of the courts to those who cannot afford counsel is too important a value to be sacrificed for the needless exaction of harsh penalties for isolated and minor mistakes.

---

**8.** A litigant who appears *pro se* should not be treated more harshly for negligent errors than one represented by an attorney. See *Camps v. C & P Telephone Co.*, 692 F.2d 120, 123–124 (D.C. Cir.1981). Otherwise, only those wealthy enough to be able to afford an attorney would be able to insulate themselves from the consequences of an occasional human error, such as that present here.

**9.** The district courts' responsibility to ensure that *pro se* claims are given a fair and meaningful consideration on their merits has been recognized in a number of different situations. See, *e.g., Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 175–176, 66 L.Ed.2d 163 (1980) (*per curiam*) (allegations of a *pro se* complaint held to less stringent standards than pleadings drafted by attorneys); *Bates v. Jean*, 745 F.2d 1146, 1150 (7th Cir.1984) (holding that *pro se* litigant

did not waive issue of inconsistency of special verdicts on appeal despite not objecting after their announcement because "[p]ro se litigants are commonly required to comply with standards less stringent than those applied to expertly trained members of the legal profession"); *Madyun v. Thompson*, 657 F.2d 868, 877 (7th Cir.1981) (reversing district court for granting summary judgment without informing *pro se* plaintiffs of the need for affidavits and stating that "[a]dequate knowledge of both the right to file and the necessity of filing counter-affidavits to oppose summary judgment is critical to the *pro se* litigant's access to a just disposition of the merits of his claim"), disapproved of on other grounds by *Hudson v. Palmer*, 468 U.S. 517, 531 n. 10, 533, 104 S.Ct. 3194, 3202 n. 10, 3203, 82 L.Ed.2d 393 (1984).

The *pro se* plaintiff's mistake in this case contrasts with the behavior of the plaintiff in the seminal case of *Link v. Wabash Railroad,* 370 U.S. 626, 82 S.Ct. 1386, where the Supreme Court upheld the district court's *sua sponte* dismissal of the plaintiff's action. There the plaintiff's attorney's failure to attend a pretrial conference was preceded by instances of delay extending over a six-year period, allowing the district court to conclude "that the failure to appear ... was merely another delaying tactic." *Id.* at 634–635 n. 11, 82 S.Ct. at 1390–1391 n. 11. As the Supreme Court recognized in *Link,* there are cases where in the sound discretion of the trial judge dismissal is an appropriate sanction of first resort despite the lack of a prior warning. See, *e.g., Glick v. Gutbrod,* 782 F.2d 754, 756–757 (7th Cir.1986) (upholding district court's *sua sponte* dismissal of *pro se* plaintiffs' "vexatious" lawsuit where the record "demonstrate[d] a clear pattern of abuse of the judicial process," including, without any legal basis, the suing of the district and state trial judges who had ruled against the plaintiffs on this and a previous related case). Besides contumacious conduct, dismissal may be an appropriate sanction where a litigant's inaction extends over a long period of time. Compare *Washington v. Walker,* 734 F.2d 1237 (7th Cir.1984) (upholding dismissal where case, almost eight years old, was dormant for five years), with *Schenck v. Bear, Stearns & Co.,* 583 F.2d 58 (2d Cir.1978) (abuse of discretion to dismiss thirteen-month-old case, despite eleven months of inaction, where lesser sanctions could have been employed). The case before us today, however, is not such a case as *Link.*

When a clear record of delay, contumacious conduct, or prior failed sanctions does not exist, the exercise of judicial discretion requires that the district court consider and explain the inappropriateness of lesser sanctions. This careful consideration is all the more important when factors are present, such as the action is relatively

young, a litigant is proceeding *pro se,* or no prior warning has been given that a sanction of dismissal will be imposed. The district court's actions here did not reflect the exercise of discretion, but rather the abuse of it. We reverse.[10]

---

10. Circuit Rule 18 shall apply on remand. We express no opinion on the merits of the case. Should any further delays occur, the new trial judge should consider the entire history of this case, including this appeal, in deciding upon appropriate sanctions.