**Haywood Emmanuel PENNY,
Plaintiff–Appellant,**

v.

**Ronald SHANSKY, et al.,
Defendants–Appellees.**

**No. 88–1424.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 18, 1989.

Decided Sept. 13, 1989.

Haywood E. Penny, Menard, Ill., pro se.

Diane Curry Grapsas, Asst. Atty. Gen., Office of the Atty. Gen., Chicago, Ill., for defendants-appellees.

Before CUMMINGS, CUDAHY and POSNER, Circuit Judges.

POSNER, Circuit Judge.

Haywood Penny, an inmate of an Illinois state prison, brought this suit against prison officials under 42 U.S.C. § 1983 charging that they had withheld essential medical care from him and by doing so had violated his constitutional right to be free from cruel and unusual punishment. By agreement of the parties the case was referred to a federal magistrate for final decision under 28 U.S.C. § 636(c). Penny moved for appointment of counsel to assist him in the prosecution of this suit, and also for a preliminary injunction directing that he receive the medical attention that he claims to need. The magistrate ordered the prison officials to produce Penny for a hearing before him on a specified date. Penny did not show up for the hearing. The explanation is as follows. A prison policy that Penny does not question required that he be strip-searched before leaving the prison for the hearing. When he arrived for the search, he was taken to a room adjoining the guard hall in which the roll call of the prison guards was being taken. Contrary to an Illinois prison regulation requiring that strip searches be conducted "in an area where the search cannot be observed by persons not conducting the search, except in cases of an emergency," 20 Ill.Adm.Code ch. I, subpt. C, § 501.220(b)(2), the door to the search room was open, and as a result all the guards could watch the search. Penny asked the guards conducting the search to close the door, but they refused, and Penny refused to be searched and was returned to his cell.

After Penny failed to show up at the hearing, the magistrate issued the order from which Penny appeals. Before the magistrate for decision were the two motions Penny had filed. The magistrate denied the motion for appointment of (proper-

ly, request for, see *Mallard v. United States District Court,* — U.S. ——, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989)) counsel on the ground that the case did not meet the criteria this court has set for appointment of counsel in prisoner cases, and denied the motion for a preliminary injunction because of Penny's failure to appear for the hearing. The magistrate thought Penny's reason for not appearing inadequate because the Supreme Court has upheld the constitutionality of strip searches of prisoners. On his own initiative the magistrate then dismissed the entire suit, with prejudice, for want of prosecution based on Penny's failure to appear. Penny's pro se appeal is from the dismissal of his suit; he does not appear to be seeking appellate review of the denial of his two motions.

The magistrate acted precipitately in dismissing the suit because of Penny's failure to appear. The magistrate took this action without being asked to do so by the defendants and without having given Penny any warning that failure to appear at the hearing would lead not merely to the denial of his two motions but to the dismissal with finality of the entire lawsuit. Although Penny alleges no constitutional right to be strip-searched under conditions of maximum feasible privacy, the issue is not the constitutionality of the search procedure but the magistrate's reasonableness in terminating this suit. See, e.g., *Schilling v. Walworth County Park & Planning Comm'n,* 805 F.2d 272 (7th Cir.1986); *Heidelberg v. Hammer,* 577 F.2d 429, 430–31 (7th Cir.1978); *Holt v. Pitts,* 619 F.2d 558, 562–63 (6th Cir.1980). The circumstances bearing on the reasonableness of his action include the failure to warn of the fell consequences of not appearing (as in *Palmer v. City of Decatur,* 814 F.2d 426 (7th Cir.1987)) and, above all, the fact that Penny was not behaving improperly in declining to be subjected to a strip search in plain violation of Illinois law.

Inmates have a claim to be treated with minimum dignity, and the indignity of an unlawful and humiliating strip search was compounded here by the magistrate's abrupt use of Penny's refusal to be searched as a lever to expel him from federal court without notice and without considering the merits of his suit. Not only did the magistrate abuse his discretion in dismissing the suit, but in combination with the prison officials' attempt to subject Penny to a strip search forbidden by Illinois law the dismissal may have obstructed Penny's access to the courts in violation of the constitutional right recognized in *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). See *Spears v. Chandler,* 672 F.2d 834 (11th Cir.1982) (per curiam).

The judgment of dismissal is therefore reversed and the case remanded to the district court for further proceedings in harmony with this opinion. Circuit Rule 36 shall apply on remand, and the new judicial officer to whom the case is assigned may wish to reconsider the magistrate's rulings on Penny's motions, since those rulings may have been influenced by a misunderstanding of the character of Penny's default.

REVERSED AND REMANDED.