911 F.2d 736
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit
James L. CAIN, Plaintiff-Appellant,
v.
Michael P. LANE, Captain Betuski, James H. Thieret, Jim
Buch, Major McDonough, Paul Barnett, E.Z. Novara,
G.E. Brown, Lieutenant Ampy, and
Correctional Officer Morris,
Defendants-Appellees.
 No. 89-1940.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 21, 1990.*
Decided Aug. 20, 1990.
 
 Before COFFEY and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Pro se appellant James L. Cain appeals from the district court's dismissal of his 42 U.S.C. Sec. 1983 action for want of prosecution. For the reasons set forth below, we reverse.
 
 
 2
 Cain filed his Sec. 1983 action on February 27, 1986, alleging that he had been disciplined in retaliation for exercising his free speech rights, and placed in segregation without a hearing. On May 21, 1987, Magistrate Cohn granted summary judgment to defendants. On appeal, we reversed that order in part and remanded on the retaliation claim because the magistrate had failed to addressed that claim. Cain v. Lane, 857 F.2d 1139, 1143 (7th Cir.1988). On February 2, 1989, the magistrate set a status conference for March 2, 1989, which on March 1 was changed to March 22, although through no action by Cain. On March 16, 1989, defendants moved to file an Answer, which was filed on March 21, 1989. Having received word that defendants were going to file an Answer, Cain attempted to file a motion for extension of time to file a response to the Answer (apparently believing that he had to respond before or at the status conference), and also requested that he be transported to the conference in wrist cuffs and restraints other than black box restraints, which he claimed would aggravate an ailing back condition. The district court did not accept the motion, apparently because of an improper caption and docket number. On March 22, 1989, when prison officials attempted to transport Cain to the status conference, he informed them of his back injury and refused to wear the black box restraint; he was therefore not taken to the status conference. At the conference, defendants orally moved to dismiss for want of prosecution, and Magistrate Cohn granted that motion, dismissing the case with prejudice.
 
 
 3
 We review a dismissal for want of prosecution for an abuse of discretion. Schilling v. Walworth County Park & Planning Comm., 805 F.2d 272, 275 (7th Cir.1986). While a district court's discretion in making such decisions is great, it is not unfettered. Id. We look to the full procedural history of the case in determining whether the dismissal was an abuse of discretion. Id. Having reviewed the history of this case, we believe the district court abused its discretion in dismissing Cain's action for failure to attend the status conference.
 
 
 4
 We recently reviewed a denial of a Fed.R.Civ.P. 60(b) motion to reinstate an action which was dismissed for failure to prosecute, and found that the court abused its discretion in failing to reinstate the case. In Del Carmen v. Emerson Electric Company, No. 89-1205, slip op. at 8 (7th Cir. July 19, 1990), we found that "the record of delay or contumacious conduct ... was wholly insufficient to warrant dismissal." Our reasoning there is strikingly applicable to the present case:
 
 
 5
 [I]t was incumbent upon the district court to consider whether the record at the time of dismissal supported the imposition of such a severe sanction on the plaintiff. The single failure on the part of plaintiff's counsel to attend a status conference, without more, does not satisfy the threshold showing of delay, contumacious conduct, or failed prior sanctions to deny the plaintiff an opportunity to have his case decided on the merits. Id. at 9. The record of delay and contumacious conduct is similarly lacking here. Cain had at no time prior to his failure to appear at the status conference engaged in any action which caused or was intended to cause delay in the district court proceedings. In fact, defendants admit that there was no instance of prior delay by Cain. App.Br. at 8. Cain had attempted to file (albeit unsuccessfully) a motion with the court requesting an extension of time in which to file a response to defendants' Answer, which he apparently thought was necessary or desirable to do before attending the conference. Given Cain's pro se status below, we think it harsh to penalize Cain for maintaining such a belief. Cain did not know at the time of his refusal to be put in the black box restraint that the court had refused to accept his motion for filing. However, we note that the district court has no obligation to honor Cain's request for substitute restraints, and indeed we think the request for another type of restraining device is utterly without merit.
 
 
 6
 While a district court is not required to impose lesser sanctions prior to dismissing an action for want of prosecution, it should consider such action when there is no clear record of delay and no less severe sanctions have proven ineffective. Lowe v. City of East Chicago, 897 F.2d 272, 274 (7th Cir.1990); Schilling, 805 F.2d at 275. As we stated in Schilling, 805 F.2d at 277, this is particularly true with pro se litigants:
 
 
 7
 The need for the district court to exercise discretion in deciding among alternative sanctions was especially great in this case, given the plaintiff's pro se status.... A district court should at least warn a pro se litigant of the possible consequences of any neglect, if the court intends to sanction with dismissal in the first instance.
 
 
 8
 The lack of warning to the plaintiff that his action may be dismissed can be evidence of abused discretion. Schilling, 805 F.2d at 275. In Penny v. Shansky, 884 F.2d 329, 330 (7th Cir.1989), we reversed a dismissal for lack of prosecution where the district court had not given the plaintiff "any warning that failure to appear at the hearing would lead not merely to the denial of his two motions but to the dismissal with finality of the entire lawsuit." Cain was given no such notice here, which would have been particularly useful as he could have presented his explanation for failing to attend the conference, which we find reasonable and sufficient to show prosecutive intent. On remand, the court should impose an appropriate less severe sanction.
 
 
 9
 A significant factor in determining whether the district court abused its discretion in dismissing a case for want of prosecution is the age of the action at the time of dismissal. See, e.g., Del Carmen, No. 89-1205, slip op. at 8 (holding that dismissal of nine-month-old case was an abuse of discretion); Lowe, 897 F.2d at 275 (holding that dismissal of one-year-old case was an abuse of discretion); Shilling, 805 F.2d at 276 (holding that dismissal of sixteen-month-old case was an abuse of discretion); Webber v. Eye Corp., 721 F.2d 1067, 1070-71 (7th Cir.1983) (holding that dismissal of eighteen-month-old case was an abuse of discretion). Cain's case was extremely young at the time of dismissal; only six months had passed from the time of our remand and less than two months from the district court's first action following the remand. Dismissal at this early date was excessively harsh.
 
 
 10
 We also find it significant that we remanded this case with instructions to address Cain's retaliation claim. While district court's are not prevented from dismissing actions for failure to prosecute after they have been remanded from this court, we are more critical of a dismissal for want of prosecution where "a substantial case on the merits is demonstrated." Beeson v. Smith, 893 F.2d 930, 931 (7th Cir.1990). Added to the "well-established policy favoring hearing cases on the merits," Del Carmen, No. 89-1205, slip op. at 9, we think it clear that the district court should not have dismissed the case, but rather should have issued a lesser sanction or warning and proceeded to the next stage of the litigation.
 
 
 11
 The magistrate abused his discretion in dismissing Cain's action, and therefore we reverse and remand to the district court for further proceedings consistent with this opinion.[1]
 
 
 12
 REVERSED.
 
 
 13
 PELL, Senior Circuit Judge, concurring.
 
 
 14
 While I think the case is a borderline one for reversal, I do join in the order for the following reasons: Affirmance in this case would have been justified simply because Cain refused to be transported to his scheduled hearing. As this court's order states his "request for another type of restraining device is utterly without merit."
 
 
 15
 Indeed, Dr. Mueller had stated that the use of the black box restraints would have created no problems.
 
 
 16
 Now that it is clear that if Cain wants to pursue his claims he will have to conform to prison requirements for safety in the transportation of prisoners, the case can go forward to a final disposition.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant Cain filed a statement requesting argument. On review of appellant's statement, the briefs and the record, this case is submitted on the basis of the briefs and the record
 
 
 [1]
 We emphasize that our remand is not based on Cain's request for transportation without a black box restraint, but rather on the magistrate's abuse of discretion regardless of the merits of that request