Donna TONEY, et al., Plaintiffs–Appellants,

v.

ROSEWOOD CARE CENTER, INC. OF JOLIET, HSM Management, Inc., and Phil Mendelson, Defendants–Appellees.

No. 02–2134.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 12, 2002.

Decided April 1, 2003.

Before FLAUM, Chief Judge, MANION, and ROVNER, Circuit Judges.

**ORDER**

Donna Toney, and four other named plaintiffs, filed a putative class action against Rosewood Care Center, Inc. of Joliet, HSM Management, Inc., and Rosewood's senior administrator, Phil Mendelson, under Title VII and § 1981 alleging race discrimination.[1] Toney's suit was cer-

---

**1.** Plaintiffs also brought a pendent state law claim for intentional infliction of emotional distress. That claim was dismissed at the summary judgment stage, and is not a part of this appeal.

tified as a class action. Following discovery, the district court set a deadline for the filing of the final pretrial order. The plaintiffs' attorney missed the deadline and the late-filed pretrial order failed to comply with the district court's standing order concerning pretrial orders. Based on this and the plaintiffs' earlier violations of court orders, the district court dismissed the case with prejudice. The plaintiffs appeal. We affirm.

## I.

Donna Toney, Meredith Beene, Mary O'Neil, Clara Mae Young, and Elizabeth Shelby worked for Rosewood Care Center, Inc. of Joliet ("Rosewood"), a nursing home in Joliet, Illinois. These named plaintiffs filed a putative Title VII class action, alleging race discrimination against Rosewood, Phil Mendelson, Rosewood's former senior administrator, and HSM Management Services, Inc., a company that provided administrative personnel to Rosewood.[2] They also alleged claims under § 1981, and a state law claim of intentional infliction of emotional distress. The district court certified this case as a class action, establishing a class including the roughly 150 black employees who worked at Rosewood during 1997 and 1998. Although the defendants objected to certification and sought leave to appeal the certification, this court denied their petition. *Rosewood Care Ctr., Inc. v. Toney*, No. 99–8012 (7th Cir. August 6, 1999). Later the defendants also filed a motion to decertify the class, but that motion was denied as well. *Toney v. Rosewood Care Ctr., Inc. of Joliet*, 2001 WL 322413 *3 (N.D.Ill.2001).

Following certification, the district court approved for distribution a "notice of class action," and on November 12, 1999, the plaintiffs' attorney mailed the notice of class action via first class mail to approximately 150 black individuals who had worked at Rosewood during 1997 or 1998. This class action notice informed the recipients that they were believed to be members of the certified class and that their legal rights could be affected by the underlying lawsuit. The notice also stated that a ruling in the class action suit "whether favorable to the plaintiffs or the defendants–will apply in like manner to you and every other member of the class." The notice further explained that "[i]f you wish, the Court will exclude you from the class if you request to be excluded in writing postmarked on or before December 20, 1999." The class action notice also explained that members of the class would be represented by the named plaintiffs' attorney, but that those wishing to obtain independent representation were entitled to do so. The plaintiffs' attorney also included with the notice of class action a form and envelope for those wishing to be excluded from the class, thereby simplifying the opt-out process.

Discovery then proceeded. In early February 2000, the district court set a March 2000 deadline for the completion of expert discovery relating to the issue of the existence of the class. In early March 2000, the defendants moved to strike the plaintiffs' expert because they had failed to provide the expert report as required. The district court denied the defendants' motion to strike, but directed the plaintiffs'

---

**2.** The district court granted HSM summary judgment on plaintiffs' Title VII claims because they were employed by Rosewood and not HSM. Likewise, the plaintiffs cannot hold Mendelson liable under Title VII because he was not their employer. *See Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir.1998) ("It is by now well established in this court that 'a supervisor does not, in his individual capacity, fall within Title VII's definition of employer.' ") (quoting *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir.1995)).

attorney to file the expert report by a certain date.

During the discovery period, some of the plaintiffs also failed to appear for depositions, which prompted the defendants, in April 2000, to seek to exclude them from the class. Although the district court denied this motion, in doing so it noted the continued dilatory actions by the plaintiffs and their counsel. Then, in July 2000, the defendants filed a motion to compel responses to written discovery that had been served months earlier, and as of yet was unanswered. The district court ordered the plaintiffs to answer the discovery within ten days. In August 2000, the defendants were forced to file another motion to compel, and the district court again granted the motion, ordering compliance within thirty days.

These compliance problems continued into the fall; in September 2000, the defendants filed a motion to compel class members, who had been identified as trial witnesses for the plaintiffs, to answer written discovery. The district court ordered responses within twenty-one days, and also ordered class members identified as witnesses to be made available for deposition by the end of October. Nonetheless, some of the identified plaintiffs still failed to respond. Accordingly, in October 2000, the district court entered an order barring the class members who had failed to respond to written discovery from testifying at trial.

In addition to the plaintiffs' discovery deficiencies, plaintiffs' counsel failed to appear at a status hearing scheduled for October 18, requiring the district court to set another status hearing for November 2. At that hearing, the district court directed the parties to file memoranda regarding the appropriate structure for the trial. Then, at an in-chambers conference on January 4, 2002, the district court directed the plaintiffs' attorney to respond, well in advance of the date of February 28, to defendants' memorandum regarding the structure of the trial. The plaintiffs' attorney "failed to do so, and the [district] [c]ourt, unwilling to determine the structure of the trial without input from plaintiffs' counsel, was forced to give him additional time to file his response." *Toney v. Rosewood Care Center, Inc.*, 2002 WL 992642 *3 (N.D.Ill.2002) (unpublished order).

Notwithstanding these numerous delays, the case proceeded in preparation for trial. On January 4, 2002, the district court entered an order directing the parties to file the final pretrial order by March 22, 2002 and setting the case for a final pretrial conference on March 29, 2002. At the time, the district court had in effect a standing order which specified the requirements for the final pretrial order. (The district court's requirements were more lenient than those imposed by the District's Local Rule.) Among other things, the standing order required the plaintiffs' attorney to prepare the initial draft and provide it to defendants' counsel no less than twenty-one days before the date the final pretrial order was to be filed.

On March 21, 2002, at the request of the parties, the district court held a telephone conference in which the plaintiffs' counsel orally requested two additional weeks to file the final pretrial order (i.e., until April 5, 2002). "The district court denied this request, anticipating that the final pretrial order would expose significant issues that should be determined in advance of trial so that all would have, well before trial, the road map for how the trial would proceed, and also anticipating that the parties would require significant time after the final pretrial conference to prepare witnesses, examinations, and arguments." *Toney*, 2002 WL 992642 *1. Nonetheless,

the district court extended the date for the filing of the final pretrial order until Monday, March 25. "Plaintiffs' counsel expressed no misgivings regarding his ability to comply with that deadline." *Id.*

The plaintiffs' attorney, however, failed to file the final pretrial order by March 25. The defendants responded by filing a motion for sanctions, arguing in the motion that the plaintiffs' counsel had not provided it with a draft of the final pretrial order. Instead, plaintiffs' counsel had only served the defendants with a "preliminary" list of witnesses and a list of exhibits. In that motion, the defendants requested a variety of sanctions, including dismissal of the action. The district court arranged a telephone conference that same day, which was held on the record. During that conference, the district court gave the parties an additional week (until April 1) to file the pretrial order, and rescheduled the final pretrial conference to April 3. The district court also continued the defendants' motion for sanctions to that date. In doing so, the district court explicitly warned the plaintiffs' counsel that if he did not comply with the standing order, the district court would grant the motion for sanctions, and "the sanction that the [district] [c]ourt would be looking at would be dismissal of the case." *Id.*

The plaintiffs' attorney failed to file the pretrial order on April 1, filing it a day late. Moreover, the late-filed pretrial order did not include proposed jury instructions or an itemization of damages, both of which were required by the district court's standing order. *Toney,* 2002 WL 992642 *2. The following day, during the final pretrial conference, the district court asked the "plaintiffs' attorney whether he had any idea what amounts he would be asking the jury to award; he said that he did not." *Id.*

At this point the district court recited Rule 16(f) of the Federal Rule of Civil Procedure, which provides:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if a party or party's attorney is substantially unprepared to participate in the pretrial conference, or fails to participate in good faith, and there is at least one other basis, a judge, on motion or on the judge's own initiative, can impose a sanction along the lines that are provided in Rule 37(b)(2), subparagraphs (B), (C), and (D).

In turn Rule 37(b)(2) provides for a sanction of dismissal of the action.

Relying on Rules 16(f) and 37(b)(2), the district court then dismissed, with prejudice, the plaintiffs' suit, based on the plaintiffs' failure to file a timely and proper pretrial order. The plaintiffs filed a motion for reconsideration, but the district court denied that motion. The plaintiffs appeal.

## II.

On appeal, the plaintiffs argue that the district court erred in dismissing their claims under Rule 16(f) as a sanction for filing the pretrial order one day late, and for failing to comply with the standing order. Although Rule 16(f) authorizes the sanction of dismissal by incorporating Rule 37(b)(2), this tool "must be infrequently resorted to by district courts in their attempts to control their dockets and extirpate nuisance suits." *Schilling v. Walworth Cty. Park & Planning Comm'n,* 805 F.2d 272, 275 (7th Cir.1986). A dismissal with prejudice is only appropriate where there is a clear record of delay or contumacious conduct. *Id.* This court reviews a district court's decision on sanctions for an abuse of discretion. *See Long v. Steepro,* 213 F.3d 983, 985–86 (7th Cir.2000).

In this case, the district court heard extensive arguments as to the propriety of dismissal, and before dismissing the plaintiffs' case with prejudice, the district court thoroughly explained its reasoning. Additionally, in response to the plaintiffs' motion for reconsideration, the district court entered an order detailing the "clear record of delay or contumacious conduct," including the plaintiffs' attorney's failure to meet discovery deadlines, as detailed above. *Toney*, 2002 WL 992642. The plaintiffs' attorney also failed to attend a scheduled conference and later missed the deadline for submitting a memorandum on the trial structure. Then on March 21, when it became clear that the plaintiffs' attorney was about to miss the March 22 deadline for the filing of the final pretrial order, the district court again demonstrated patience, extending the deadline until March 25. The plaintiffs' attorney once again missed that deadline, prompting the defendants' motion to dismiss. But rather than dismissing the case at that time, the district court was again indulgent, giving the plaintiffs' attorney one more chance, setting April 1 as the deadline for filing the pretrial order. In doing so, the district court stated that it was withholding ruling on the defendants' motion to dismiss until that date, and expressly warned the plaintiffs' attorney that he risked facing the sanction of dismissal, if he violated that deadline. Nonetheless, the plaintiffs' attorney missed the April 1 deadline, and even though a filing was made the following day, that filing failed to comply with the district court's standing order. Under all of these circumstances, we conclude that the district court did not abuse its discretion in dismissing the plaintiffs' case with prejudice.

The plaintiffs' attorney attempts to lessen these failings by first arguing that the pretrial order was only one day late. However, while the plaintiffs' filing with the court was only one day late, the standing pretrial order required the plaintiffs to submit the pretrial order to the defendants twenty-one days before filing it with the court, and the plaintiffs did not come even close to that deadline. Additionally, the pretrial order once belatedly filed failed to comply with the district court's standing order. The plaintiffs seek to mitigate these deficiencies by arguing that the pretrial order substantially complied with the district court's standing pretrial order. However, the district court fully considered this contention and, contrary to the plaintiffs' argument, concluded that the absence of an itemization of damages in the pretrial order significantly impaired preparation of the case.

The plaintiffs also attempt to overturn the district court's decision by arguing that dismissal with prejudice was not appropriate because lesser sanctions were available. The district court, however, had already imposed lesser sanctions, for instance by barring some of the plaintiffs' witnesses, yet that failed to prompt compliance by the plaintiffs' attorney with court orders. Moreover, while the plaintiffs argue that dismissal was inappropriate in this case because they had fully prosecuted the case, that is irrelevant: the district court did not dismiss their suit for failure to prosecute, but for failure to comply with the court order. Furthermore, the plaintiffs' attorney was specifically warned that his failure to comply with the district court's last directive could result in dismissal with prejudice. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (holding that the district court did not abuse its discretion in dismissing case with prejudice where district court warned attorney of potential sanction).

Finally, the plaintiffs' attorney argues that the district court should not have dismissed this case in its entirety because it is a class action suit, and such a dismissal is unfair to the unnamed class members. Although dismissal with prejudice is a harsh sanction, that is true whether the plaintiffs are named litigants or members of a broader class—both lose their right to a decision on the merits. Additionally, while the class members may not have individually selected their attorney, before certifying the class, a district court must conclude that the representation is adequate—which it did in this case. *Toney v. Rosewood Care Center, Inc.,* 1999 WL 199249 *9 (N.D.Ill.1999). And if the class members were unhappy with their representation, they could have retained different representation or opted out of the class (as explained in the notice of class action, mailed to all of the plaintiffs.) In fact, were the potential sanction of dismissal with prejudice not available in a class action suit, class action attorneys could play fast and loose with the system, knowing that if they push the envelope too far, they could start fresh with different named class representatives, and the remaining class members. Furthermore, in this case, the facts cut against an equitable argument premised on the nature of this case as a class action because, as detailed above, several members of the class also violated court orders to respond to discovery and to appear for depositions, demonstrating that it was not just their attorney who was dilatory. Accordingly, we reject the plaintiffs' attempt to overturn the district court's decision based on the status of this case as a class action. *Cf. Brennan v. Midwestern United Life Ins. Co.,* 450 F.2d 999 (7th Cir.1971) (affirming dismissal with prejudice of class members' claims based on failure to respond to discovery). Rather, because of the continuous and clearly dilatory behavior, and for the reasons stated above, we conclude that the district court did not abuse its discretion in dismissing this case with prejudice. We AFFIRM.