In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2094

BOBBY R. LONG, JR.,

Plaintiff-Appellant,

v.

TOM STEEPRO, in his individual capacity,
WILLIAM HARTLEY, in his individual
capacity, and DANIEL BODLOVICH,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Indiana, South Bend
Division.
No. 97 C 696--Allen Sharp, Judge.

ARGUED MARCH 29, 2000--DECIDED MAY 30, 2000

   Before FLAUM, RIPPLE and KANNE, Circuit
Judges.

   RIPPLE, Circuit Judge.  The district
court dismissed with prejudice Bobby Ray
Long, Jr.'s civil action for failure to
timely file his witness and exhibit list.
For the reasons set forth in the
following opinion, we reverse the
judgment of the district court and remand
the case for further proceedings.

I
BACKGROUND

   Mr. Long filed his pro se complaint in
the Northern District of Indiana on
October 28, 1997. In that complaint, Mr.
Long alleged that employees of the
Indiana State Prison at Michigan City had
violated his civil rights by failing to
protect him from another inmate. The
Attorney General of Indiana entered his
appearance for the defendant prison
officials, Tom Steepro, William Hartley,
and Daniel Bodlovich.

   After two enlargements of time, the
defendants filed their answer to Mr.

Long's amended complaint on June 12, 1998. Shortly thereafter, on June 17, 1998, the district court issued an order that required all discovery to be completed by September 30, 1998 and dispositive motions to be filed by October 9, 1998. During this phase of the proceedings, the defendants moved for several enlargements of time to answer discovery and to file their motions for summary judgment. The district court granted all of the requested extensions.

On January 11, 1999, after a telephonic conference with the magistrate judge, the district court issued a "Scheduling Order and Memorandum" ("Scheduling Order") to govern pre-trial deadlines. The order required the defendants to serve Mr. Long with a final written settlement proposal by February 5, 1999. The order also instructed Mr. Long to file his list of witnesses, exhibits, and contentions no later than April 2, 1999. According to the order, "[f]ailure to file and serve such list within the time allowed will result in the dismissal of plaintiff's action." R.67 at 3. In the same order, the district court stated that the Scheduling Order would be modified only by leave of court and for good cause shown.

Shortly after the scheduling conference, on February 1, 1999, the defendants filed their motion for summary judgment. The defendants failed, however, to serve Mr. Long with "a written final settlement proposal" by February 5, 1999, as required by the Scheduling Order. Id. at 1. Instead, on February 3, 1999, the defendants filed a "Position Regarding Settlement," which stated: "Defendants are currently not in a position to offer Plaintiff a settlement proposal and will be in a position to discuss settlement with Plaintiff after the Court has ruled on Defendants' Motion for Summary Judgment, submitted on January 29, 1999." R.76.

Mr. Long timely filed his response to the motion for summary judgment. However, Mr. Long did not meet the April 2, 1999, deadline for filing his list of witnesses, exhibits, and contentions. This was the first deadline that Mr. Long missed.

On April 9, 1999, the magistrate judge

sua sponte issued a report and recommendation (the "April 9 Report") that Mr. Long's action be dismissed pursuant to Federal Rule of Civil Procedure 16(f) for failure to comply with the Scheduling Order. The April 9 Report referenced the district court's prior warning to Mr. Long that failure to timely file his witness and exhibit list would result in dismissal; it did not address the adequacy of lesser sanctions.

Mr. Long filed his objections to the April 9 Report on April 16, 1999. Specifically, Mr. Long explained that it was his belief that the summary judgment motion was still pending and, during the pendency of the motion, all other court actions were suspended. He stated:

Because Plaintiff believed that the Court's decision on the defendants' summary judgement motion was still pending Plaintiff neglected to comply with this Court's Scheduling Order of January 11, 1999 inadvertenly [sic] in that he interpreted summary judgment proceedings to suspend all other proceedings pending the Court's decision whether to grant or deny summary judgment requests, thus Plaintiff believed that submitting other matters to the court would be futile or moot.

R.84 at 1-2. Mr. Long also asked the district court to consider his diligence "in complying with all of the court's orders through the course of the proceedings" and argued that his "inadvertent neglect . . . was excusable." Id. at 2.

On April 22, 1999, the district court approved the April 9 Report. It did not address the merits of Mr. Long's objections, nor did it consider alternative sanctions./1
Mr. Long now appeals the dismissal of his action.

II
DISCUSSION

We review a district court's dismissal of an action pursuant to Federal Rule of Civil Procedure 16(f)/2 for an abuse of discretion. See Lucien v. Breweur, 9 F.3d 26, 29 (7th Cir. 1993) (reviewing a dismissal of an action pursuant to Rules 16, 37 and 41 for an abuse of discretion). In determining whether the

sanction of dismissal constituted an abuse of discretion, we look to the entire procedural history of the case. See Patterson v. Coca-Cola Bottling Co., 852 F.2d 280, 284 (7th Cir. 1988); Schilling v. Walworth County Park & Planning Comm'n, 805 F.2d 272, 275 (7th Cir. 1986). "The choice of appropriate sanctions is primarily the responsibility of the district court," Patterson, 852 F.2d at 283; however, "the sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." Salgado v. General Motors Corp., 150 F.3d 735, 740 (7th Cir. 1998).

We are particularly vigilant in requiring proportionality "where the draconian sanction of dismissal is imposed." Marrocco v. General Motors Corp., 966 F.2d 220, 223-24 (7th Cir. 1992)./3 We often have noted that the interests of justice are best served by resolving cases on their merits; consequently, "[t]he sanction of dismissal with prejudice must be infrequently resorted to by district courts in attempting to control their dockets and extirpate nuisance suits." Schilling, 805 F.2d at 275. This ultimate sanction is reserved for cases in which the offending party has demonstrated wil fulness, bad faith, or fault. See Downs v. Westphal, 78 F.3d 1252, 1256 (7th Cir. 1996) (citing Patterson, 852 F.2d at 283). "Absent [these] circumstances, the careful exercise of judicial discretion requires that a district court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interests of justice." Schilling, 805 F.2d at 275. With these standards in mind, we turn to Mr. Long's actions to determine if they warranted such a penalty.

Mr. Long, proceeding pro se, prosecuted his complaint without incident for over one year. He timely answered discovery requests served on him, responded in a timely fashion to the defendants' motion for summary judgment, and properly requested leave of court when he sought to amend his complaint. Mr. Long's only misstep was his failure to file his evidentiary lists by the deadline set in the Scheduling Order.

The defendants do not claim that Mr. Long's failure was wilful, deliberate, or in bad faith. Instead, the defendants argue that the penalty was appropriate because Mr. Long was warned that his action would be dismissed if he failed to comply with the Scheduling Order./4 Given the warning, continue the defendants, Mr. Long's actions were unreasonable, constituted "fault" as that term has been used in our case law, and consequently merited the harsh sanction imposed by the district court.

As stated above, dismissal as a sanction is only appropriate when "the noncomplying party acted with wilfulness, bad faith or fault." Marrocco, 966 F.2d at 224. Although wilfulness and bad faith are associated with conduct that is intentional or reckless, the same is not true for "fault." Fault "does [not] speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct--or lack thereof--which eventually culminated in the violation." Id.

Fault, however, is not a catch-all for any minor blunder that a litigant or his counsel might make. Fault, in this context, suggests objectively unreasonable behavior; it does not include conduct that we would classify as a mere mistake or slight error in judgment. For instance, in Marrocco, we determined that the Goodyear Tire and Rubber Co., the defendant in the consolidated appeal, was at fault because it had packaged carelessly evidence that was lost in transit; it had stood idly by for months before it attempted to investigate the loss; and it delayed even longer before informing the plaintiffs that the evidence was missing. "These omissions," we stated, "cannot be characterized merely as mistake or carelessness. Rather, they reflect gross negligence on the part of Goodyear--a flagrant disregard of its assumed duty, under the protective order, to preserve and monitor the condition of evidence which could be pivotal in the lawsuit." 966 F.2d at 224.

We believe that the missed deadline in the present case was, unlike the actions of the defendant in Marrocco, a "mere mistake." Although Mr. Long was warned that dismissal was possible, it was

reasonable for him to believe that all proceedings were stayed pending a ruling from the district court on the summary judgment motion. The reasonableness of Mr. Long's actions are confirmed by the actions of the defendants during the same time period. Although ordered by the court to submit a final settlement offer to Mr. Long by February 5, 1999, they did not comply. Instead, in a submission to the court on February 2, 1999, they stated that they were "currently not in a position to offer plaintiff a settlement proposal and will be in a position to discuss settlement after the court has ruled on the Defendants' Motion for Summary Judgment." R.76. The defendants' submission suggested exactly what Mr. Long concluded: without a ruling on the summary judgment motion, the parties were in procedural limbo, and the deadlines of the Scheduling Order did not apply. Given Mr. Long's reasonable understanding that summary judgment could dispose of the case in its entirety, and given the defendants' actions confirming his belief that other deadlines were suspended pending a ruling on the motion, we cannot say that Mr. Long acted unreasonably when he failed to file his evidentiary list in compliance with the Scheduling Order./5

Mr. Long's failure simply is not the kind of "damning dilatory conduct normally associated with the sanction of dismissal." Schilling, 805 F.2d at 275. Indeed, even a cursory review of our case law reveals that Mr. Long's actions bear no resemblance to the egregious conduct of parties whose dismissals we have upheld. For instance, in Downs, the sanctioned parties "embarked on a course of conduct that can only be described as abusive." 78 F.3d at 1255. Their actions included: failing to respond to interrogatories; failing to appear for scheduled depositions; failing to make mandatory initial discovery disclosures; violating court orders requiring them to comply with discovery requests; and encouraging other parties to be uncooperative. In those circumstances, we found overwhelming evidence of bad faith and, therefore, upheld the default judgment entered against the offending parties. See Downs, 78 F.3d at 1257.

Similarly, in Roland v. Salem Contract Carriers, Inc., 811 F.2d 1175 (7th Cir. 1987), we upheld the dismissal of an

action in which the plaintiffs were given almost a year to respond fully to discovery requests. On at least three occasions, the district court specifically ordered them to provide complete answers to discovery. Yet, the plaintiffs not only ignored these mandates, but also ignored two other court orders to retain local counsel. We, therefore, agreed with the district court that these actions established a "'clear record of delay or contumacious conduct' sufficient to justify dismissal." 811 F.2d at 1179.

Finally, in Salgado v. General Motors Corp., 150 F.3d 735, 740 (7th Cir. 1998), the plaintiff filed for an initial extension of time to complete discovery, which was granted. After the extended deadline had come and gone, the plaintiff requested and was granted a second extension of time to complete discovery, specifically to submit expert reports. At the time of the second extension, the court warned the plaintiff that the new deadline marked the final cut- off date and that, unless the reports were timely filed, the case would be dismissed with prejudice. Nevertheless, the plaintiff failed to submit the reports in a timely fashion, and the late reports also failed to meet the requirements of Federal Rule of Civil Procedure 26. The district court sanctioned the plaintiff by barring her from presenting any expert testimony, which resulted in summary judgment for the defendant. We upheld the district court's choice of sanctions in light of the significant extensions of time, the clear warning that the action would be dismissed, and the lack of a "satisfactory explanation for [the plaintiff's] failure to comply with the directive of the district court." Salgado, 150 F.3d. at 741.

Mr. Long's actions, however, were not abusive, contumacious, or without satisfactory explanation. Furthermore, they did not evidence a pattern of delay, non-compliance, or lack of prosecutive intent that might otherwise justify dismissal without first imposing lesser sanctions. See, e.g., Newman v. Metropolitan Pier & Exposition Auth., 962 F.2d 589, 591 (7th Cir. 1992) (upholding dismissal without prior sanction where "pattern of noncompliance with the court's discovery orders [had]

emerge[d]"); Locascio v. Teletype Corp., 694 F.2d 497, 499 (7th Cir. 1982) (upholding dismissal on substantial record of lack of prosecutive intent), cert. denied, 461 U.S. 906 (1983). In stark contrast to the actions set forth above, Mr. Long's actions suggest only an "innocent misunderstanding [and] lack of familiarity with the law." Downs, 78 F.3d at 1257.

Where, as here, a "record of delay, contumacious conduct, or prior failed sanctions does not exist, the exercise of judicial discretion requires that the district court consider and explain the inappropriateness of lesser sanctions." Schilling, 805 F.2d at 278. The record does not reveal any consideration of alternative, lesser sanctions. Furthermore, at no time did the district court address the merits of Mr. Long's arguments or the special circumstances of his case. The record reveals a "one size fits all" approach to violations, not one that "a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." Salgado, 150 F.3d at 740.

District courts have considerable discretion in imposing sanctions to control their dockets. However, in choosing sanctions available to them under the Federal Rules, they must consider the circumstances of the individual case and, absent a showing of dilatory behavior, justify imposing the sanction of dismissal. The record reflects that the district court did not follow this established methodology.

Conclusion

For the foregoing reasons, we reverse the judgment of the district court and remand for proceedings consistent with this opinion.

REVERSED and REMANDED


\1 The district court's order of April 22, 1999, did not reference a specific rule as authority for the dismissal. However, the April 9 Report, which the district court expressly approved in the April 22, 1999 order, stated that the recommendation for dismissal was being made "[i]n accordance with Rule 16(f) of the Federal Rules of

Civil Procedure." R.83 at 2.

/2  Rule 16(f) states in part:

(f) Sanctions.  If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D).

Federal Rule of Civil Procedure 16.

/3 Marrocco addressed the district court's use of dismissal as a discovery sanction pursuant to Federal Rule of Civil Procedure 37. 966 F.2d at 223. However, as we noted in Lucien, Rule 16 incorporates the sanctions of Rule 37 and "[t]he criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same." 9 F.3d at 29.

/4 At oral argument, counsel for the defendants argued that Mr. Long was warned twice that failure to file his witness and exhibit list would result in dismissal: once during the scheduling conference and once in the Scheduling Order. When questioned specifically concerning the oral warning, counsel stated that the Scheduling Order memorialized the events of the scheduling conference; if an oral warning had not been given, the warning would not have appeared in the Scheduling Order. The transcript of the scheduling conference is not part of the record on appeal, nor does it appear from the docket sheet that one was made. In the absence of the transcript, we do not believe that we can infer an oral instruction from the admonition contained in the Scheduling Order.

/5 We note that the confusion caused in this case was largely of the defendants' making; their delay in filing their summary judgment motion caused the time for consideration of dispositive motions to encroach on the pre-trial deadlines set by the court. Had they filed their summary judgment motion within the original deadline, the court would have had ample time to consider and rule on the motion before pre-trial filings were due.