In the Matter of Calvin McFARLAND and Betty A. McFarland, Debtors.

Calvin McFarland and Betty A. McFarland, Plaintiffs,

v.

Great Lakes Higher Education Guaranty Corp., c/o OSI Collection Services, Inc. and Educational Credit Management Corp., Defendants.

Bankruptcy No. 97–32036 HCD.
Adversary No. 00–3020.

United States Bankruptcy Court,
N.D. Indiana,
South Bend Division.

May 8, 2001.

Philip R. Skodinski, South Bend, IN, for debtors.

Stacia L. Yoon, Merrillville, IN, for defendants.

## ORDER

HARRY C. DEES, Jr., Bankruptcy Judge.

On May 1, 2001, trial was held on the Complaint to Determine Dischargeability of Student Loan filed by the debtors Calvin McFarland and Betty A. McFarland. The debtors, as the plaintiffs asking the court to find an educational loan dischargeable, were required under 11 U.S.C. § 523(a)(8) to demonstrate that the repayment of an educational loan would cause an undue hardship on them. The present holder of the debtors' loan is the defendant Educational Credit Management Corporation ("ECMC"). Appearing before the court were Philip R. Skodinski, Esq., for the debtors, and Stacia L. Yoon, Esq., for the defendants ECMC et al.

Before opening statements, the court stated that ECMC had timely filed its list of exhibits and witnesses for the trial but that the court's records did not contain the debtors' tendered list. Debtors' counsel responded that he did not file a list because he thought the parties would settle the case. The court reminded the debtors that the court's Order of March 6, 2001, required that exhibit and witness lists be filed "no later than five days prior to trial." R. 23 at 3.

ECMC then sought sanctions against the debtors pursuant to Rule 7037(b)(2)(B) and (C) of the Federal Rules of Bankruptcy Procedure. ECMC requested that the debtors' complaint be dismissed because of the debtors' repeated noncompliance; their failure to comply with the original scheduling order, to comply with the court's trial order, and to respond to the defendants' motion and numerous letter requests for production of documents. As an alternative to the sanction of dismissal, ECMC requested that the court bar all exhibits and witnesses of the debtors because they were not tendered to the defendants prior to trial. Debtors' counsel responded that he never received defendants' motion to produce documents and did not know which documents were sought. He claimed that he had faxed copies of the debtors' wage stubs and W2 forms to defendants' counsel. Moreover, he stated, he assumed that it was no surprise that the debtors would testify concerning their expenses and would offer those documents at trial.

The court then found that the debtors had not complied with its Order of March 6, 2001, requiring that exhibit and witness lists be filed "no later than five days prior to trial." R. 23 at 3. It noted that the order contained no provision that would allow for an assumption that the debtors would testify even if no witness list was filed. It also pointed out the court's need to prepare for the trial with the benefit of such filings. It reminded the debtors that, despite their failure to respond timely to ECMC's requests for admissions, the court in its discretion had denied the defendants' motion for summary judgment in order to

hear the evidence in this case. The court found that the mandate in its Order of March 6, 2001, to file trial lists was straightforward and clear. It also recognized that the history of this case reflected the court's preference to hear the merits of the debtors' complaint rather than to stand on technicalities. Nevertheless, it concluded that the debtors' procedural noncompliances should not be allowed to continue. The court, noting its discretion in such matters, then granted the defendants' motion to sanction the debtors for their failure to comply with the court's Order of March 6, 2001, and dismissed the complaint with prejudice.

■ A court's decision to sanction and its choice of an appropriate sanction are within its discretion. *See Golant v. Levy (In re Golant)*, 239 F.3d 931, 937 (7th Cir.2001); *Melendez v. Illinois Bell Telephone Co.*, 79 F.3d 661, 670 (7th Cir.1996). Under Rule 37 of the Federal Rules of Civil Procedure, which is made applicable in bankruptcy adversary proceedings under Rule 7037 of the Federal Rules of Bankruptcy Procedure, a court may impose sanctions, including dismissal, upon a party who fails to comply with discovery and scheduling orders.[1] "Sanctions are proper upon a finding of wilfulness, bad faith, or fault on the part of a noncomplying litigant." *Id.* at 671 (citing cases). The Seventh Circuit Court of Appeals has

concluded that a party acted in bad faith when it knew that disclosure of materials was required by the court's discovery orders and failed to produce them. *See id.* It further concluded that a party was at fault when it should have known that disclosure was required by the court's discovery orders and yet failed to produce the materials. *See id.* "Fault 'does [not] speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation.'" *Long v. Steepro*, 213 F.3d 983, 987 (7th Cir.2000) (reversing magistrate judge's sua sponte dismissal of an action for failure to comply with a scheduling order; finding that a missed deadline was a "mere mistake").

■ In this case, the debtors did not make "a mere mistake or a slight error in judgment." *Long*, 213 F.3d at 987. Counsel for the debtors stated to the court that he decided not to file the list of witnesses and exhibits because he believed the case would settle and because he assumed that it would not surprise the court that the debtors would testify concerning their expenses and would offer financial documents at trial. Unlike the plaintiff in *Long*, these plaintiffs are not acting pro se; they are represented by a seasoned bankruptcy attorney who appears often in this court. Unlike the plaintiff in *Long*, this

---

1. Rule 37(b), as found in Rule 7037 of the Federal Rules of Bankruptcy Procedure, sets forth the sanctions that may be applied when a party fails to comply with an order of the court. The provisions upon which the defendants relied are the following:

    (b) Failure To Comply With Order.
    . . .
    (2) Sanctions by Court in Which Action Is Pending. If a party . . . fails to obey an order to provide or permit discovery . . ., the court in which the action is pending may make such orders in regard to the

failure as are just, and among others the following:
    . . .
    (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
    (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

was not the first deadline that the debtors had missed in this case. The debtors failed to respond to the defendants' interrogatories and requests for admission within thirty days after service, as required by Federal Rule of Bankruptcy Procedure 7036. The defendants' Motion for Summary Judgment and memorandum in support of it, filed September 12, 2000, set forth in detail the result of that nonresponse, and the next day the answers to the interrogatories and requests for admissions were filed. Despite the debtors' clear breach of Rule 7036, the court allowed the late answers and denied the defendants' summary judgment motion so that the genuine issues of material fact could be heard. And yet, given that opportunity, the debtors disregarded the court's order that a list of witnesses and exhibits be filed prior to trial. Defendants' counsel also charged that the debtors failed to turn over requested discovery documents.

Based on these circumstances, the court finds that the debtors' decision to disregard the order of the court was more than carelessness or an "innocent misunderstanding [and] lack of familiarity with the law." *Long,* 213 F.3d at 988 (quoting *Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir.1996)). It was dilatory conduct for which the sanction of dismissal was proper. In this case, the debtors' nonresponsive conduct was unreasonable and clearly falls within the concept of "fault" as defined in Seventh Circuit law.

■ The court also finds that the sanction imposed is proportionate to the circumstances. *See Golant,* 239 F.3d at 937;

*Melendez,* 79 F.3d at 672. The court stated in its Order of March 6, 2001, that the "parties will be bound at trial to the exhibit and witness lists previously exchanged." R. 23 at 3. Because the debtors filed no list of witnesses or evidence to be proffered at trial, the court conducted a hearing on the matter and, in its discretion, barred from the trial the testimony of the debtors and the submission of their financial records. The explanation given to the court by debtors' counsel reflects no inability to comply with the order, no attempt to comply, and no misunderstanding of the Court's order; it indicates a decision not to comply with the court's order. After a review of the record in this adversary proceeding, including the untimely answers to interrogatories, and after considering debtors' failure to comply with the original scheduling order, the trial order, and the defendants' motions and additional requests for documents, the court determined that dismissal of the complaint against the defendants with prejudice was the only appropriate sanction. *See Long,* 213 F.3d at 986–88.

Accordingly, the court grants the defendants' motion to sanction the debtors and dismisses the adversary complaint with prejudice.

SO ORDERED.