**Donna L. CRAWFORD, Plaintiff–Appellant,**

v.

**RES–CARE, INC., Defendant–Appellee.**

**No. 02–1830.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 21, 2002.*

Decided Nov. 21, 2002.

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

ORDER

Donna L. Crawford filed this Title VII action in district court on September 1, 2000. The court's pretrial schedule required Crawford to file a certificate of readiness for trial by the end of a two-month-long discovery period. The court

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

explained to Crawford what such a certificate should include. Twelve months after the court's order, Crawford had not yet filed a certificate. On October 2, 2001, the court set a new discovery deadline and directed Crawford to file her certificate of readiness by November 21. Again, no certificate was forthcoming. The court then gave Crawford until December 27 to either file her certificate of readiness or show cause why the action should not be dismissed for failure to prosecute. Crawford responded on December 21 with a short note concerning her efforts to obtain counsel. On January 22, 2002, the court set a new deadline of January 28. Once again, Crawford asked for more time to find counsel.

In an order dated February 5, 2002, the court explained the seriousness of Crawford's repeated failure to follow the court's orders and declared that it would dismiss the action for failure to prosecute. As a last "safety valve," however, the court delayed the entry of judgment to allow Crawford twenty more days to file her certificate of readiness, warning her that failure to do so would result in final judgment. On February 25, Crawford filed a short request for a July 2002 trial date. The court answered: "The plaintiff's filing ... does not remotely approach the filing which was required of the plaintiff to prevent the entry of final judgment ... for failure to prosecute." The court dismissed the case, and Crawford appealed.

As Crawford acknowledges, the standard of review for a dismissal for failure to prosecute is abuse of discretion. *Kruger v. Apfel,* 214 F.3d 784, 786 (7th Cir.2000). Crawford claims, however, that the district court did abuse its discretion in dismissing her case. She notes that the sanction of dismissal "is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault," *Long v. Stee-*

*pro,* 213 F.3d 983, 986 (7th Cir.2000), and argues that "[t]he slender record present before the Court shows no clear record of delay or other conduct that would warrant dismissal of [the] claim ...." She further asks us to consider her pro se status, her lack of legal sophistication, and the evidence that she was actively seeking out counsel, suggesting that these factors taken together demonstrate her good faith and lack of dilatory intent.

The district court did not abuse its discretion. A pro se litigant has no general license to disregard clearly communicated court orders. *Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir.1996). The court explained the elements of a certificate of readiness, and Crawford never claimed to be confused about those instructions. The court gave Crawford five separate deadlines to file her certificate, none of which were met. In granting its final safety-valve deadline, the court explicitly notified Crawford of the consequences of failure to meet that deadline. *See Ball v. City of Chicago,* 2 F.3d 752, 755 (7th Cir.1993) (requiring an explicit warning before dismissing a case for failure to prosecute). Although Crawford claims to have proceeded in good faith, the district court could reasonably have found either wilfulness or fault after she failed for the fifth time to follow its instructions.

AFFIRMED.