**Julie DE BAUCHE, Plaintiff–Appellant,**

**v.**

**HARLEY–DAVIDSON MOTOR COMPANY OPERATIONS, INC., Defendant–Appellee.**

No. 03–3437.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 6, 2004.*

Decided Feb. 6, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Julie V. De Bauche, pro se, Green Bay, WI, for Plaintiff–Appellant.

Patrick J. Toft, Foley & Lardner, Milwaukee, WI, for Defendant–Appellee.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

## ORDER

After unsuccessfully applying for a position as a tool and die maker with Harley–Davidson, Julie De Bauche, proceeding *pro se,* sued the company under Title VII of the Civil Rights Act of 1964, alleging gender discrimination. Approximately ten months later, the district court dismissed her complaint as a sanction for refusing to answer deposition questions about the identity of her current employer. De Bauche appeals, and we affirm.

De Bauche's complaint, filed in October 2002, alleged that Harley–Davidson had failed to hire her because it applied "different hiring standards" to women than to men in violation of Title VII. De Bauche sought lost wages, legal fees, and damages for "pain and suffering." The parties made initial disclosures and agreed that discovery should be completed by August 2003. In the district court's scheduling order, it stated that all requests of the court should be made by formal motion, and that "arguments contained in letters will not be considered by the court." Despite the court's warning, De Bauche sent a number of letters to the court requesting the extension of discovery deadlines, explaining her approach to her case, and objecting to Harley–Davidson's failure to produce certain employment records. The court treated a number of these letters as motions and granted extensions of time in response to some of De Bauche's requests.

In June 2003 Harley–Davidson deposed De Bauche. During the deposition, De Bauche refused to answer questions regarding her current employer, including that employer's name, address, and phone number, or the identity of the human resources director. Counsel for Harley–Davidson maintained that it had "a right to know who [De Bauche's] employer is and get records from [that] employer" to determine what De Bauche's damages were and how she had attempted to mitigate them. De Bauche responded that the information was "not relevant" and that she would lose her job if her current employer found out about the litigation. After several attempts to convince De Bauche to disclose the information, counsel for Harley–Davidson placed a phone call to the district court's chambers for a ruling on the issue. Each party repeated the substance of its arguments, with De Bauche seeking a "protective order" apparently aimed at preventing Harley–Davidson from calling her current employer. The court reasoned that information concerning De Bauche's wages and employability was relevant to her case and directed her to answer the questions. It warned her that if she continued to refuse to answer, she could face sanctions, including dismissal of her case.

Immediately following the teleconference, De Bauche continued to refuse to disclose the identity of her employer. After ascertaining that De Bauche absolutely refused to answer and that she understood that she was defying the court's order, Harley–Davidson's counsel ended the deposition. In July 2003 Harley–Davidson filed a motion for sanctions, arguing that the court should dismiss De Bauche's case or, as an alternative sanction, it should require her to pay for a second deposition

and answer the questions she had previously opposed.

At an August 2003 hearing on Harley–Davidson's motion, De Bauche alleged that the judge had engaged in improper *ex parte* contact with counsel for Harley–Davidson during the deposition telephone call. The district court judge stated that he had only spoken with counsel during the teleconference when both parties were present on the telephone line; before that, Harley–Davidson's counsel had only spoken to the judge's secretary to set up the call. De Bauche also sought a ruling on the letters she had sent the court in July 2003 concerning Harley–Davidson's alleged failure to disclose employment records, but the court expressed uncertainty as to the precise nature of De Bauche's arguments and deferred discussion until after handling the sanctions issue. Addressing the merits of Harley–Davidson's motion, the court determined that De Bauche had violated the order, but stated that it would not dismiss her case if she agreed pay for a reconvened deposition and answer the questions about her employer. De Bauche stated that she would not answer the questions even if it resulted in dismissal of her case. The court then entered a judgment dismissing her complaint with prejudice.

On appeal De Bauche has not challenged the district court's dismissal of her case. Instead, she has argued generally, without citations to the record or to legal authority, that the district court mishandled her case. We have dismissed *pro se* litigants' appeals for similar non-compliance with Federal Rule of Appellate Procedure 28(a)(9). *See, e.g., Anderson v. Hardman,* 241 F.3d 544, 545–46 (7th Cir.2001). Nevertheless, we have considered the issues we can discern from De Bauche's brief, and we affirm the district court's dismissal of her lawsuit.

■ As an initial matter, we note that the district court did not abuse its discretion in either its discovery ruling during the deposition or in dismissing the case as a sanction. *Corley v. Rosewood Care Ctr., Inc. of Peoria,* 142 F.3d 1041, 1052 (7th Cir.1998) (applying abuse of discretion standard to ruling on scope of discovery); *Maynard v. Nygren,* 332 F.3d 462, 467 (7th Cir.2003) (applying abuse of discretion standard to ruling on discovery sanctions). A district court has broad discretion in ruling on discovery motions. *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir.2002). A Title VII plaintiff's damages may be reduced by any amount that "resulted from the plaintiff's failure to use reasonable efforts to avoid or prevent harm." *Savino v. C.P. Hall Co.,* 199 F.3d 925, 935 (7th Cir.1999). Therefore, information about De Bauche's current employment–or the extent to which she has rejected any additional employment offered to her–was relevant to Harley–Davidson's defense, and thus discoverable. Fed. R.Civ.P. 26(b)(1); *see Hutchison v. Amateur Elec. Supply, Inc.,* 42 F.3d 1037, 1044 (7th Cir.1994). Furthermore, dismissal is an appropriate sanction where a party's failure to comply with a discovery order has been willful, or where less severe sanctions would be ineffective. *Long v. Steepro,* 213 F.3d 983, 986 (7th Cir.2000). De Bauche's willfulness was evident in her multiple statements to the court that she did not intend to follow its order. *See Powers v. Chicago Transit Auth.,* 890 F.2d 1355, 1362 (7th Cir.1989). Moreover, the court attempted to spare De Buache from the sanction of dismissal by first imposing a lesser sanction. *See Maynard,* 332 F.3d at 468. The district court first stated that it would reconvene the deposition at De Bauche's expense, but she asserted that she would still not disclose the information.

The district court did not abuse its discretion in dismissing her case.

██ De Bauche's primary contention, as best we can tell, is that the district court was biased against her. De Bauche argues that the district court erred when it granted Harley–Davidson's motion for a protective order, but failed to rule on her "motions" to compel discovery, contained in letters sent to the court. Although district courts should construe letters from *pro se* plaintiffs liberally, *Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir. 2000), we do not believe the district court failed to do so. The district court in fact granted De Bauche several discovery extensions based on requests in her letters, despite its early and repeated warning that all requests must be made in formal motions. The letters that De Bauche complains went unanswered were not received by the district court until late in July 2003, and despite the fact that opposing counsel had not had the opportunity to respond to them, the district court expressed willingness to discuss them at the August 2003 hearing. The discussion never occurred, but that is because De Bauche's case was dismissed for her refusal to respond to discovery. Bias must be proved by "compelling evidence," and we find no evidence of bias in the record before us. *Grove Fresh Distrib., Inc. v. John Labatt, Ltd.,* 299 F.3d 635, 640 (7th Cir.2002).

Similarly, De Bauche argues that the district court engaged in improper *ex parte* contact with counsel for Harley–Davidson. De Bauche has not provided any evidence of such contact, however, other than her own allegations, which are insufficient to establish wrongdoing. *See Drobny v. Comm'r of Internal Revenue,* 113 F.3d 670, 680–81 (7th Cir.1997) (rejecting claim of *ex parte* contact with no supporting evidence or testimony). In fact, De Bauche admitted that she had "formed the wrong conclusion" about *ex parte* conduct at the August 2003 hearing, when the district court explained that it had not spoken to Harley–Davidson's attorney until she was also on the line.

We note that the record in this case is filled with instances of the district court attempting to respond to De Bauche's many letters and aid her in presenting her claims. The court sought to clarify legal concepts like relevance and sanctions, and explained the court's procedures for filing documents and addressing motions. Even when De Bauche defied the court's order, it inquired into her reasons and, after explaining why disclosure was necessary, gave her a second chance to comply. We do not see any evidence of the bias De Bauche has alleged.

AFFIRMED.