**Jane DOE, Plaintiff–Appellant,**

v.

**Wang XUDONG, Defendant–Appellee.**

**No. 04–3151.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 15, 2005.*

Decided Feb. 15, 2005.

* The appeal has been submitted without the filing of a brief by the appellee. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the

Frederick S. Rhine, Gessler Hughes Socol Piers Resnick & Dym, Chicago, IL, for Plaintiff–Appellant.

Before POSNER, COFFEY, and WOOD, Circuit Judges.

### ORDER

This lawsuit was brought under the Alien Tort Claims Act, 28 U.S.C. § 1350, and the Torture Victim Protection Act of 1991, Pub. L. No. 102–256, 106 Stat. 73 (Mar. 12, 1992), codified at 28 U.S.C. § 1350 (note), which permit an alien to seek damages in United States courts for various human-rights abuses. *See Sosa v. Alvarez–Machain,* —— U.S. ——, 124 S.Ct. 2739, 2763, 159 L.Ed.2d 718 (2004). The anonymous plaintiff, a practitioner of Falun Gong in China, claims to have been tortured under the direction of Wang Xudong, the former Communist Party Secretary for Hebei province.[1] On June 22, 2004, the district court directed the plaintiff to file a "Joint Jurisdictional Status Report" within two weeks. The court's order explained that "[f]ailure to file the Joint Jurisdictional Status Report by 07/06/04 may result in a dismissal of this action."

When this order was issued, lead counsel for the plaintiff was on a trip to Greece. A miscommunication with local counsel concerning her return date led to the deadline being missed. Counsel contacted the court on July 8, but it was too late: the court had entered an order dismissing the case. The next day, counsel asked the court to vacate the judgment and reopen the case. Counsel explained the confusion that had led to the missed deadline and provided the court with the requested Status Report. The court denied the motion, explaining:

> [T]he Court ordered the plaintiff to file by July 6th. And in my order, minute order, I included a warning that if the parties cannot file jointly, plaintiff must file it individually and failure to do so would result in dismissal. That was a direct order from the Court that plaintiff did not comply with. Therefore, I'm going to deny your motion.

appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

**1.** A similar lawsuit was recently brought in this circuit against Jiang Zemin, the former President of the People's Republic of China, but the case was dismissed on grounds of executive immunity. *See Ye v. Zemin,* 383 F.3d 620 (7th Cir.2004).

The plaintiff appeals, arguing that it was an abuse of discretion for the district court to dismiss the case two days after the missed deadline and to refuse to reinstate it when offered an apology and an explanation for the lapse.

A case may be dismissed under Fed. R.Civ.P. 41(b) for failure to follow an order of the court. *See Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir.2003). We have recognized, however, that such a sanction is "very harsh," and should be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *See Williams v. Chicago Board of Education*, 155 F.3d 853, 857 (7th Cir.1998) (per curiam) (citation and internal quotation marks omitted). A court must not only provide an explicit warning before such a dismissal, *see Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir.1993), but must also adequately consider whether dismissal is the appropriate sanction under the circumstances. *See Long v. Steepro*, 213 F.3d 983, 988 (7th Cir.2000) ("[I]n choosing sanctions available to them under the Federal Rules, [district courts] must consider the circumstances of the individual case and, absent a showing of dilatory behavior, justify imposing the sanction of dismissal"); *Ball*, 2 F.3d at 755 (although appellate review is deferential, reversal of dismissal is warranted if "it is plain either that the dismissal was a mistake or that the judge did not consider factors essential to the exercise of a sound discretion").

The district court in this case provided minimal explanation for its action, stating only that it was "based on the Court's direct order, and failure to comply with the Court's order," and that "I don't find the reasons given that lead counsel was some-where else sufficient." But counsel's error—missing a single deadline by three days—is not the sort generally found to warrant dismissal. *See Rice v. City of Chicago*, 333 F.3d 780, 786 (7th Cir.2003) (reversing dismissal for failure to comply with several court-ordered discovery deadlines); *Long*, 213 F.3d at 987–88 (reversing dismissal for failure to meet a scheduling order deadline). Absent "a pattern of delay, non-compliance, or lack of prosecutive intent," *id.* at 988, dismissal for such a lapse is highly unusual. We find that the court's justification for its action was inadequate, and that dismissal was an abuse of discretion. We therefore REVERSE the judgment of dismissal and REMAND the case for further proceedings. Circuit Rule 36 shall apply on remand.