**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 18, 2006
Decided May 1, 2006

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2492

| | |
|---|---|
| BRIAN BOLANOWSKI, et al., <br> *Plaintiffs-Appellants*, <br><br> v. <br><br> GMRI, Inc., d/b/a Red Lobster Restaurant, <br> *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division <br><br> No. 2:04 CV181 <br><br> Andrew P. Rodovich <br> *Magistrate Judge*. |

**O R D E R**

Brian Bolanowski and his parents sued Red Lobster fourteen years after he was injured in one of their restaurants. Red Lobster removed the action to federal court, where the Bolanowskis (or their lawyer) repeatedly failed to comply with discovery procedures, prompting the district court to dismiss the case as a discovery sanction. On appeal the Bolanowskis argue that the district court's dismissal was an abuse of discretion. Because the Bolanowskis' violations of court orders and consistent inaction justified the sanction, we affirm.

In early 2004, Brian and his parents sued the restaurant in Indiana state court for an injury he sustained as a child in 1990. Red Lobster removed the action, advised the Bolanowskis that they had the defendant's name wrong in the caption,

and provided the correct name for the defendant's corporate entity as "GMRI, Inc. d/b/a Red Lobster." GMRI's raised the defense of the statute of limitations in its answer, but conceded at oral argument that the statute was tolled because Brian was a minor when the injury occurred.

In August 2004 a magistrate judge presiding by consent held a pre-trial conference to set the discovery schedule. Initial disclosures were to be exchanged by September 3, 2004, and all discovery completed by January 31, 2005. In June 2004 GMRI submitted interrogatories for Brian and requests for authorizations for the release of his medical records, but the Bolanowskis tendered nothing until October 2004 when they submitted incomplete responses. They did not respond at all to GMRI's request to correct the caption of the case, so GMRI asked the court to designate it as the proper defendant and to impose monetary sanctions in the amount of its attorneys' fees for having to file the motion. The Bolanowskis never responded, and the court granted both requests.

The Bolanowskis' repeated failure to produce a file created by their former counsel, Winterhoff & Associates, led to more discovery violations. GMRI subpoenaed the file from the Bolanowskis' then current counsel, who responded that he had furnished all "unprivileged" documents from the file.[1] Wanting a description of the items that the Bolanowskis impliedly characterized as privileged, GMRI requested a privilege log under Federal Rule of Civil Procedure 45(d)(2), but the Bolanowskis stonewalled GMRI from July through October 2004. GMRI's eventual motion to compel production of the privilege log and authorizations drew no response from the Bolanowskis. The district court therefore granted the motion and ordered the Bolanowskis to provide the log and authorizations within ten days. Again they provided nothing. GMRI's subsequent motion for an order to show cause why the Bolanowskis should not be held in contempt for violating the court's order was unopposed and consequently granted. The Bolanowskis failed to respond, let alone show cause. The court ultimately sanctioned the Bolanowskis monetarily, despite GMRI's request for dismissal, and warned them that they courted dismissal by failing to produce the log.

A new attorney, Eric Neff, entered his appearance on behalf of the Bolanowskis on February 1, 2005. Neff's appearance may have begun to facilitate discovery (he met with GMRI's counsel in February), yet he still did not provide completed interrogatories from Brian's parents or the authorizations. GMRI filed another motion to compel, this time for the production of the interrogatories. For

---

[1] This response belies counsel's assertion at oral argument that no documents were retained as privileged.

the fourth time, the Bolanowskis failed to respond to one of GMRI's discovery-related motions.

On February 23, 2005, the court ordered the Bolanowskis to provide all outstanding discovery by March 4, 2005. On March 4, 2005, they moved for reconsideration of the February 23 order, asserting that they did not realize that they had failed to produce the interrogatories until it was too late to comply with the new deadline.

The district court was unpersuaded by their excuses. In its order denying the motion to reconsider and dismissing the case with prejudice, the court characterized the Bolanowskis' conduct as "grossly dilatory." It then cited Federal Rule of Civil Procedure 37(b)(2) and noted that dismissal is appropriate where there is a "clear record of delay or contumacious conduct." The court refused to reconsider the case given that it had warned the Bolanowskis that failure to comply with discovery would result in dismissal with prejudice and they had nevertheless flouted discovery orders.

**Discussion**

At the outset, we note that the district court did not specify whether its dismissal was a discovery sanction under Rule 37(b) or a sanction for failure to prosecute under Rule 41(b). We have previously recognized that the text of Rules 37(b) and 41(b) overlap–both cover failures to comply with court orders. *Maynard v. Nygren*, 332 F.3d 462, 468 n.2 (7th Cir. 2003); *see Ladien v. Astracham*, 128 F.3d 1051, 1056 n.5 (7th Cir. 1997). But the standards for justifying dismissal under each differ slightly: Rule 37(b)(2)'s standard is willfulness, bad faith or fault, while Rule 41(b)'s requires a clear record of delay or contumacious conduct. *See Maynard*, 332 F.3d at 467-68. Nonetheless, this court reviews dismissals under either rule for an abuse of discretion. *See id.* at 467; *Williams v. Chi. Bd. of Educ.,* 155 F.3d 853, 857 (7th Cir. 1998).

The Bolanowskis' principal argument is that their conduct was not egregious enough to justify dismissal. For instance, they claim to have produced "everything they had after the case was filed in September 2004." They also assert that at the February meeting their counsel "availed all documents in his file to the Defendants." Based on these efforts, they continue, dismissal was too harsh a sanction.

Under Rule 37's standard for dismissal, the "fault" component has been interpreted to mean that a party has acted unreasonably. *Long v. Steepro,* 213 F.3d 983, 986-87 (7th Cir. 2000). Here, the district court's findings correctly show that the Bolanowskis acted unreasonably at best. They failed to respond to any of six

motions regarding discovery, three court orders to produce discovery, two court orders imposing sanctions, or a host of letters from GMRI requesting various documents. *Cf. Long*, 213 F.3d at 987 (pro se inmate did not act unreasonably when his only discovery violation throughout prosecution of case was his failure to file evidentiary list by deadline in scheduling order). Presumably a prudent person who is unable to timely comply with court orders would at least request an extension of time, but the Bolanowskis never did.

Even if the court's dismissal is construed as one under Rule 41(b), the Bolanowskis fare no better. Again, that rule requires contumacious conduct, *Maynard*, 332 F.3d at 467, and the Bolanowskis' contumaciousness is evident from their disregard for the court's initial minute order scheduling discovery and two subsequent orders compelling discovery. *See Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.,* 325 F.3d 903, 909 (7th Cir. 2003) (analyzing dismissal under both Rule 37(b) and 41(b) and concluding that repeatedly missed deadlines for discovery and motion practice justified dismissal). Dismissal under Rule 41(b) would have been appropriate given that the Bolanowskis' counsel offered no persuasive excuse for his failure to comply with the court's orders. *See In re Golant,* 239 F.3d 931, 936-37 (7th Cir. 2001) (upholding dismissal where party repeatedly violated court's discovery orders and could not explain his failure to comply).

As a purely factual matter, the Bolanowskis' assertion that they produced "everything they had after the case was filed in September 2004" glosses over their withholding part of the Winterhoff file as privileged. The Bolanowskis never produced a description of the documents they considered privileged so that GMRI could contest the claim, as required under Federal Rule of Civil Procedure 45(d)(2). Similarly, they have not substantiated their assertion that their counsel "availed all documents in his file to the Defendants" at the February meeting. To the contrary, the Bolanowskis' counsel did not furnish the interrogatories at that meeting, nor did he provide them by the time he filed the motion to reconsider on March 4, 2005.

The Bolanowskis also argue that dismissing Brian's case was an abuse of discretion because discovery with respect to him had been completed by October 25, 2004. But again they misstate the facts. As late as March 2005 GMRI had still not received authorizations for the release of Brian's medical records.

Finally, the merits and equities in this case support the district court's dismissal. *See Williams,* 155 F.3d at 857 (noting that court should consider "the possible merits of the plaintiff's suit"). This personal injury action is fifteen years old, and GMRI is understandably concerned that crucial evidence no longer exists. Moreover, unlike cases reversing dismissal because the defendant was equally culpable for discovery violations, *see Rice v. City of Chi.*, 333 F.3d 780, 786 (7th Cir.

2003), the record here reveals that GMRI's counsel repeatedly tried to complete discovery by letter or telephonically before turning to the court for help.

Under all these circumstances, it was not an abuse of discretion for the court to dismiss the case.  Accordingly, we AFFIRM.