NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2016[*]
Decided March 11, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-2119

| | |
|---|---|
| MIYKAEL MUHAMMAD,<br> *Plaintiff-Appellant*,<br><br> *v.*<br><br> CITY OF CHICAGO, et al.<br> *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 1:13–cv–02916<br><br>John Robert Blakey,<br>*Judge*. |

**O R D E R**

Miykael Muhammad sued the City of Chicago and others for allegedly violating his civil rights during a traffic stop when a police officer forced him to take a field sobriety test. *See* 42 U.S.C. § 1983. During discovery Muhammad failed repeatedly to answer fully the defendants' interrogatories, even after the district court ordered him twice to do so. To sanction his obstinacy, the district court dismissed his suit with

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

prejudice under Federal Rule of Civil Procedure 37(b)(2)(A). Because we conclude that the sanction was not an abuse of discretion, we affirm.

Discovery in this case did not go smoothly. Muhammad objected to most of the defendants' interrogatories, so the defendants moved the district court to compel answers. Among other requests, the defendants wanted Muhammad to disclose some biographic facts: all the names "by which [he] ha[s] been known," his "current and past driver's license number(s)," and whether he has previously been "pulled over, stopped, or arrested." The district court ordered Muhammad to answer the interrogatories within two weeks. It reasoned that the interrogatories do not "seek to inquire into privileged subjects," created no "undue burden," and were relevant to the suit.

Muhammad responded nearly a month after the deadline, but the defendants believed that his answers were incomplete, so they sought further relief. Muhammad said that "Miykael Farad Muhammad" was the name that "Allah-Jahovah-God" gave him "before" he was born in "the aboriginal year of 15062." He failed to say whether he was known by other names. He also failed to acknowledge a driver's license, asserting that he does not "own" any "government numbers" because God has endowed him with the "right to travel the planet." And he refused to discuss any past traffic stops and arrests, proclaiming that he disagreed with "the meaning of the Defendant's language." The defendants filed a second motion to compel, which the district court referred (along with general discovery supervision) to a magistrate judge. That judge ordered Muhammad to explain why she should not recommend sanctions under Rule 37(b). Muhammad responded that he had never been served with the second motion to compel and that the defendants' interrogatories violated his rights. The defendants countered that Muhammad's suit should be dismissed for his intransigence.

The magistrate judge granted the defendants' second motion to compel and ordered Muhammad to provide complete answers in 10 days. She reiterated the district court's prior ruling that the interrogatories were relevant and not unduly burdensome and admonished that, by filing his suit, Muhammad had accepted the obligation to respond to discovery requests. As for sanctions, she concluded that because dismissal is a drastic remedy and Muhammad is proceeding pro se, she would permit a final opportunity to comply. She warned, however, that she would "view further noncompliance as willful and done in bad faith."

Eventually the court lost its patience. Muhammad refused to amend his responses, instead remonstrating that he did not consent to proceed before a magistrate judge and disputing the conclusion that his previous answers had been inadequate. The

magistrate judge recommended that the district judge dismiss the suit. She reasoned that Muhammad had squandered his opportunities to answer the interrogatories, and his repeated non-compliance—causing a five-month delay—was willful and in bad faith. She also observed that, because Muhammad was proceeding in forma pauperis, monetary sanctions would be ineffective. Two weeks later the district judge, noting that Muhammad had not objected to the recommendation, adopted it in its entirety and dismissed the case with prejudice. Muhammad moved the district court to reconsider the sanction, asserting that he had not received the recommendation. But the district court concluded that Muhammad offered no new reason to reconsider its dismissal of the suit and denied the motion.

On appeal Muhammad first argues that dismissal of his suit was improper because he did not consent to a magistrate judge. Consent was not needed because a district judge, not the magistrate judge, dismissed his case. And no consent was necessary for the magistrate judge to supervise discovery and recommend sanctions to the district court. *See* 28 U.S.C. § 636(b); *Egan v. Freedom Bank*, 659 F.3d 639, 644 (7th Cir. 2011).

Muhammad next argues that the district court abused its discretion by dismissing the suit. He contends that the harsh sanction of dismissal was unwarranted given his lack of legal expertise. True, a dismissal under Rule 37 is a severe sanction; it requires a finding of willfulness, bad faith, or fault. *See Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). But the district court reasonably found that, by twice disobeying orders to provide the names that he's been known by, his driver's license numbers, and traffic stops and arrests, Muhammad displayed willful, bad-faith conduct. The requests were simple and easy to answer. And they were relevant because they sought basic data about Muhammad's identity, and his criminal history, which could affect his credibility. The district court thus permissibly concluded that Muhammad evaded these requests out of an uncooperative lack of candor, rather than an absence of legal skills, so sanctions were needed. *See e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 643 (7th Cir. 2011) ("[W]e weigh not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled on over the course of the lawsuit."); *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). And the district court considered lesser sanctions, *see Maynard*, 332 F.3d at 468, but reasonably found that a monetary sanction would be ineffective because Muhammad lacked funds; therefore deterrence required a dismissal.

Muhammad also challenges the district court's denial of his motion for reconsideration, arguing that he had provided evidence that he was not notified of the

magistrate judge's report and recommendation. But Muhammad's motion did not raise any objections to the recommended dismissal, other than repeating the baseless protest to the magistrate judge's jurisdiction. In any case, we have considered all of his arguments raised on appeal, and they are unavailing. The district court therefore properly concluded that Muhammad had not presented any new basis warranting reconsideration of the dismissal. *See Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

AFFIRMED.