NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2019[*]
Decided March 15, 2019

*Before*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-1635

| | |
|---|---|
| ROGELIO OROZCO,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No. 16-cv-1179-MJR |
| KIMBERLY BUTLER, *et al.,*[**]<br>    *Defendants-Appellees.* | Michael J. Reagan,<br>*Chief Judge.* |

## O R D E R

Rogelio Orozco, an Illinois inmate, appeals the dismissal of his lawsuit against prison staff at Menard Correctional Center and Pontiac Correctional Center for violating

---

[*] We have agreed to decide the case without oral argument because the brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C). The defendants were not served with process in the district court and are not participating in this appeal.

[**] We have substituted the former wardens of Pontiac and Menard Correctional Centers with their successors for purposes of the official-capacity claims, but we retain former Menard warden Kimberly Butler, who was also sued in her individual capacity.

his due-process rights in prison disciplinary proceedings and imposing administrative segregation. The district judge dismissed the original complaint at screening under 28 U.S.C. § 1915A, and, after an amendment, dismissed the action with prejudice for failure to comply with the judge's screening order. Because the district court abused its discretion in dismissing the case as a sanction, we vacate.

Orozco alleges the following facts, which we assume to be true. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 694 (7th Cir. 2009). Investigators at Menard Correctional Center questioned Orozco about prison gang activity and pressured him to identify other prisoners involved in "security threat groups" (gangs), but he refused to cooperate. In April 2014, investigators issued Orozco a ticket for participating in a security threat group and summoned him to a disciplinary hearing before the prison's adjustment committee. Based on the statements of three confidential informants, the committee members found Orozco guilty of being a gang leader and imposed three months of disciplinary segregation and other restrictions as punishment. But Menard's warden, Kimberly Butler, was dissatisfied with the punishment and remanded the matter to the investigator to issue a new ticket for the committee to hold a second hearing. At the second hearing, committee members Rebecca Cowan and Minn Scott found Orozco guilty again and increased his punishment to one year in segregation and a disciplinary transfer to Pontiac Correctional Center. Cowan and Scott acknowledged that Butler had directed them to increase his punishment. Orozco filed a grievance protesting the circumstances of the hearing, but he was transferred to Pontiac before he received a response.

Several months after Orozco began his segregation at Pontiac, the Administrative Review Board ("ARB") responded to Orozco's grievance and remanded the ticket for a third disciplinary hearing. On remand, the ARB requested more information from Menard's investigation team about Orozco's alleged gang involvement. Orozco appeared at his third disciplinary hearing before the Pontiac adjustment committee in November 2014. The Pontiac committee found him guilty of gang activity, imposing the same one-year punishment. Several weeks later, Orozco filed another grievance opposing the committee's decision.

While in segregation, Orozco endured "harsh conditions." Orozco's segregation cell was infested with ants, roaches, and mice. The insects would bite him and crawl into his ears and mouth, and the mice ate his food. Orozco also shared cells with mentally-ill inmates who smeared feces on the walls and doors, which were not adequately cleaned. These inmates would also scream and kick doors throughout the day and night, depriving Orozco of sleep and causing migraines. Orozco also alleges

that he often went hungry because of inadequate food and the lack of sanitation, which affected his appetite and caused him to lose fifty pounds. After one year in disciplinary segregation, Orozco was transferred to administrative segregation, which was also "restrictive," for another eight months. (The record does not indicate the reason for Orozco's administrative segregation, but he alleges that his ticket for gang activity "paved the way" for Pontiac officials to recommend the segregation.)

After Orozco had served his time in disciplinary segregation, the ARB issued its final decision in April 2015. The Board affirmed the Pontiac committee's finding of guilt but concluded that the Menard warden violated the Illinois Administrative Code by improperly enhancing Orozco's sanctions from three months to one year in segregation. Such retroactive enhancements are not permitted and, further, the rehearing at Menard did not occur within the time limits for addressing disciplinary infractions. The Board retroactively reduced Orozco's punishment to three months in disciplinary segregation and ordered that Orozco's disciplinary record reflect this result.

Orozco sued under 42 U.S.C. § 1983, asserting that the committee members at his disciplinary proceedings and the Menard warden violated his due-process rights because he served an excess nine months in disciplinary segregation and eight months in administrative segregation without an impartial hearing. He also claimed that prison officials violated the First Amendment by pursuing disciplinary charges and confiscating his personal property in retaliation for his refusal to cooperate with investigators and for his subsequent grievances.

At screening, the district judge dismissed the complaint for failure to state a claim. He divided the allegations into nine counts based on the defendants and the theories of recovery, one of which he characterized as an Eighth Amendment claim for the conditions of Orozco's confinement in disciplinary segregation. The judge dismissed with prejudice five "due-process" counts, finding that the disciplinary hearings described in the complaint did not demonstrate any unconstitutional denial of procedural due process. The judge also dismissed without prejudice the retaliation and Eighth Amendment claims because Orozco did not allege he engaged in a protected First Amendment activity and, on the Eighth Amendment claim, he failed to indicate the length of time he was subjected to the conditions in disciplinary segregation. The judge instructed Orozco that, should he wish to pursue the Eighth Amendment claim, he could submit an amended complaint to provide additional information about the conditions in segregation. But the judge told him not to replead the due-process claims that were dismissed with prejudice and warned that failure to comply with the order might result in the dismissal of the action under Federal Rule of Civil Procedure 41(b).

Orozco timely filed an amended complaint, adding three additional defendants and repleading each claim from his original complaint. He also stated that he did not challenge the conditions in his segregation cell as an Eighth Amendment violation. The judge dismissed the amended complaint with prejudice under Rule 41(b) because Orozco disobeyed the instruction not to replead the due-process claims and abandoned the Eighth Amendment claim that the judge had instructed him to replead. The judge then dismissed the five due-process counts with prejudice and the retaliation and Eighth Amendment counts "without prejudice" but gave no reason for the distinction.

On appeal, Orozco challenges the decision to dismiss his amended complaint, contending that the judge resorted to the "harsh sanction" of dismissal before giving him a warning or considering other alternatives. In reviewing the district court's dismissal as a sanction, "[w]e are particularly vigilant in requiring proportionality where the draconian sanction of dismissal is imposed." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (internal quotations omitted). "We often have noted that the interests of justice are best served by resolving cases on the merits," thus "the sanction of dismissal with prejudice must be infrequently resorted to by district courts," and is reserved for cases where there is a record of willfulness, bad faith, or fault. *Id*. (internal quotations omitted). To evaluate whether the judge abused his discretion, we consider the entire procedural history of the case. *Id*. at 985–86.

With this standard in mind, we agree with Orozco and conclude that the district court dismissed the case too hastily. We reiterate that the judge did not indicate any reason for the distinction between the dismissal with prejudice of Orozco's due-process claims and the dismissal without prejudice of the remaining claims. And we fail to discern a reason for this distinction. Thus, confusion regarding the judge's separate treatment of Orozco's due-process claims may have influenced Orozco's decision to replead those claims despite the judge's warnings that doing so may result in dismissal. Moreover, Orozco's attempt to replead the due-process claims was his only misstep, and the judge failed to consider alternative sanctions short of dismissal. *Id*. at 986, 988; *see also Schilling v. Walworth Cty. Park & Planning Comm'n*, 805 F.2d 272, 277 (7th Cir. 1986) (stating, "[t]he need for the district court to exercise discretion in deciding among alternative sanctions was especially great in this case, given the plaintiff's pro se status.")

The judge's decision to dismiss the case also gives us pause because the judge sanctioned Orozco for repleading claims without granting him leave to amend. We have said repeatedly that under the PLRA's screening requirement, a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint. *Tate*

*v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (collecting cases). Indeed, because Orozco is pro se, we construe his complaint "liberally," "holding it to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted). Again, the judge does not indicate why the due-process claims are dismissed with prejudice or find that an amendment would be futile.

Moreover, the judge's hasty dismissal of Orozco's due-process claims with prejudice is puzzling because he did not receive a fair hearing—a hallmark of procedural due process. Orozco alleged that the second and third disciplinary hearings violated due process because the outcomes were foreordained. He further alleged that the warden's retroactive enhancement of his sentence was "vindictive," "arbitrary," and "retaliatory". We have recognized that "even if the procedures are legitimate, it is impermissible to employ those procedures vindictively or maliciously so as to deny a particular individual due process. *Ciechon v. City of Chicago*, 686 F.2d 511, 517 (7th Cir. 1982). To satisfy due process, a hearing "must be a real one, not a sham or a pretense." *Ryan v. Illinois Dep't of Children & Family Servs.*, 185 F.3d 751, 762 (7th Cir. 1999) (citing *Palko v. Connecticut*, 302 U.S. 319, 327 (1937)). One in which the punishment has been predetermined raises doubt that the hearing is, in fact, fair and impartial.

Because we conclude that the judge abused his discretion in refusing to allow Orozco to amend his complaint in the first instance and for dismissing the case in its entirety as a sanction, we need not reach Orozco's other challenges. Therefore, we VACATE the dismissal and REMAND. Circuit Rule 36 will apply on remand.